## DOE *vs.* ROE.

What things are necessary to the due execution of a will, under the revised statutes. The clear intent of the statute, so far as respects publication, is that the testator shall not sign the will at one time or on one occasion, and at another time, or on another occasion, declare it to be his will.

Both must be done at the same time—on the same occasion; but which shall be done first in the order of time—whether the testator shall declare the instrument he is about to sign to be his last will and testament, or shall first subscribe the paper, and then make the declaration of his purpose—is immaterial.    It is enough that the two things are not done at different times.

The language of the statute is to be regarded as descriptive of the paper, and not as

Doe *v.* Roe.

intended to prescribe any particular order in which the several acts, necessary to constitute a valid execution of a will, shall in fact be done.

In contemplation of the statute, all are to be done at the same time.

A will is duly executed when the several acts required by the statute have been performed *at the same time ;* whatever the order in which such acts were severally performed.

Where the subscribing witnesses to a will were told by another person, in the testator's presence, that they had been called in for the purpose of being witnesses to the execution of the will; and the instrument, having the usual attestation clause subjoined, was read to the testator, in their presence, and was then subscribed by the testator, and by the witnesses in the presence of each other ; *Held* that these facts furnished sufficient evidence of a request by the testator that the witnesses should sign the will. Or at least, that there was sufficient evidence to be submitted to a jury upon the question whether there was a request or not.

PURSUANT to the provisions of the 57th section of the title of the revised statutes relating to wills of real and personal property and the proof of them, (2 *R. S.* 66,) the late circuit judge of the third circuit directed a feigned issue to be made up to try the validity of the last will and testament of Isaac L. Van Alstyne, deceased. The issue thus made up was tried at the Columbia circuit, in March, 1846, before PARKER, circuit judge. After the plaintiff had offered evidence to prove the execution of the will, the circuit judge directed the plaintiff to be nonsuited, on the ground that the statutory requirements in relation to the valid execution of a will had not been complied with. First, because the testator had not at the time of subscribing the will, or subsequent thereto, published or declared the instrument so subscribed to be his last will and testament; and, second, because the subscribing witnesses to the instrument had not as required by the statute, respectively subscribed their names as witnesses to the will, at the request of the testator. The defendant tendered a bill of exceptions, upon which, under the provisions of the 58th section of the statute referred to, he now moved for a new trial.

*H. Hogeboom,* for the defendant.

*J. Gaul, Jun.* for the plaintiff.

*By the Court,* HARRIS, P. J. The statute makes four things necessary to the due execution of a will. *First,* it must be subscribed by the testator at the end of the will. *Second,* the subscription must be made in the presence of each attesting witness, or it must be acknowledged by the testator to have been made, to each attesting witness. *Third,* at the time of such subscription or acknowledgement, the testator must declare the instrument so subscribed, to be his last will and testament. *Fourth,* there must be at least two attesting witnesses, each of whom shall sign his name as a witness at the end of the will, at the request of the testator. The plaintiff was nonsuited on the ground that the *third* and *fourth* requisites of the statute had not been complied with. The facts upon which the validity of the will depends are substantially as follows : The will was executed on the 8th of November, 1842. Dr. Root, the testator's physician, then attending him in his illness, on visiting him that day, was told by his wife, in his presence, that John Wood had been there a day or two before, and had drawn a will, which Van Alstyne wished to execute. Alvah Frisbie and Aaron K. Kingsley were then sent for, and when they came into the room they were told by Dr. Root, in Van Alstyne's presence, that they had been called in to witness the will. Dr. Root then read the will to the testator, and asked him if that was his last will and testament, to which he replied in the affirmative. He then signed the will, and the three witnesses subscribed their names to the attesting clause in his presence. Dr. Root then enclosed the will in a wrapper and endorsed it " The last will and testament of Isaac L. Van Alstyne," and by the directions of the testator, delivered it to the witness Frisbie for safe keeping.

Two questions arise upon this state of facts, in relation to the manner of executing the will, and upon which so far as its execution is concerned, its validity depends. First, was there such a publication of the will by the testator as the statute requires ? and secondly, were the witnesses requested by the testator to subscribe their names as witnesses to the will ? If, as is contended by the counsel for the defendant, it is necessary that the testa-

Doe v. Roe.

tor should first sign the will, and then declare it to be his last will and testament, it is obvious that this will is defective in its execution ; for he did not declare it to be his last will and testament at all, except in answer to the inquiry of Dr. Root, after it had been read to him ; and this inquiry was made and the answer given before the will was subscribed by the testator. Again, if, as the defendant's counsel insists, it is necessary that the testator should, in terms, request the witnesses to subscribe their names, as witnesses, the will is not well executed for this reason ; for it is not pretended that there was any other request than that proved by the fact that it was stated to the witnesses, in the testator's presence, that they had been sent for for the purpose of being witnesses to the will, and that when the will had been subscribed by the testator in their presence, they proceeded in his presence to subscribe their names as witnesses. What then does the statute require in these respects ? And, first, did the testator, at the time of subscribing the will, *declare* the instrument so subscribed to be his last will and testament, so as to satisfy the requirement of the statute in this respect ? The object of the legislature in prescribing this requisite to the due execution of a will, was, obviously, to secure the evidence that the testator knew the nature of the instrument he executed. Hence it is said by Chief Justice Nelson, in commenting on this requirement of the statute, (*Remsen* v. *Brinckerhoff,* 26 *Wend.* 332,) that the legislature only meant there should be some communication to the witnesses indicating that the testator intended to give effect to the paper as a will. Any communication of this idea, or to this effect, will meet the object of the statute. Senator Verplanck uses language to the same effect in delivering his opionion in the case just mentioned. He says the declaration required may be made in any manner, either by words or by acts, in writing or by signs. The object is to guard against fraud, by requiring evidence of a present intention of the testator to execute and give effect to the instrument as a will and nothing else. I cannot doubt, then, that when the testator was asked by Dr. Root, after the instrument had been read to him whether it was his last will

and testament, his reply in the affirmative was a sufficient publication of the will to answer the requirement of the statute. Nor do I regard it as at all material, in what order the various steps necessary to constitute a due execution of a will take place. The publication is required to be *at the time of signing*. The clear intent of the statute is that the testator shall not sign the will at one time or on one occasion, and at another time or on another occasion declare it to be his will. Both shall be done at the same time—on the same occasion; but which shall be done first in the order of time, whether the testator shall declare the instrument he is about to sign to be his last will and testament, or shall first subscribe the paper and then make the declaration of his purpose, is immaterial. It is enough that the two things are not done at different times.

The late Assistant Vice Chancellor Hoffman, in *Heyer* v. *Burger*, (1 *Hoffman's Ch. Rep.* 20,) in referring to the requirements of the statute in relation to the execution of wills, remarks that the provision in question "seems also clearly to require that the declaration must follow the subscription." I entertain the highest respect for the judicial opinions of that learned jurist; and had such an opinion been expressed by him, in the decision of a question involved in the cause before him, as the result of a deliberate consideration of the question, I should have felt great reluctance in dissenting from such an opinion. But a reference to the case in which the remark was made will show that the question was not necessarily before the court; and the form of expression used by the assistant vice chancellor shows that it was with him a question of first impression, and that he only intended to express such impression. This impression is undoubtedly derived from the phraseology found in the statute. The language is that the testator shall declare the instrument "so subscribed" by him to be his last will and testament. The instrument which is to be declared to be a will, it is insisted, must be *a subscribed* instrument. But I think the language of the statute in this respect may properly be regarded as descriptive of the paper, and not as intended to prescribe any particular order in which the several

Doe *v.* Roe.

acts, necessary to constitute a valid execution of a will, shall in fact be done. In contemplation of the statute all are to be done at the same time. Neither of the four acts, which, united, make a valid execution of the instrument, may be done at a different time from the rest. If the instrument has in fact been signed at a previous time, then the signature must be acknowledged to the subscribing witnesses, which is deemed to be equivalent to a new signing of the instrument. I am clearly of opinion, therefore, that a will is duly executed when the several acts required by the statute have been performed *at the same time*, whatever the order in which such acts may be severally performed. If this be so, and I am right in my con clusion that the mode of declaring the instrument to be the will of the testator was a substantial compliance with the statute in this respect, it follows that there was in this case a sufficient publication.

The remaining question is whether the testator requested the witnesses to sign their names to the will as subscribing witnesses. They were told, in the presence of the testator, that they had been called in for the purpose of being witnesses to the execution of the will. The instrument, having the usual attesting clause subjoined, was read to the testator in their presence. It was then subscribed by the testator, and the witnesses, in the presence of each other. I cannot doubt that these facts furnish sufficient evidence of a request by the testator that the witnesses should sign the will. At the least, there was sufficient evidence to be submitted to a jury upon the question whether there was a request or not. (Rutherford v. *Rutherford,* 1 *Denio,* 33.)

My opinion therefore is, that the nonsuit should be set aside and a new trial granted.

New trial granted.