the fund in question belongs to the petitioner to be treated as if it were of her intestate at his death. In this disposition she is concerned both personally and vicariously, and she, therefore, has an interest which entitles her to the account prayed for.

This is not the time to consider questions resulting from the fact that, at the death of Ralph Gilman, his father was his next of kin, and that a portion of the fund in question would be in turn payable to the father's executor. Whether a portion of that fund, if it shall reach the father's executor, shall then be at rest (see Matter of Valdez's Trusts, 40 Ch. Div. 159), or shall find an orbit between the two estates in which, under the impulse of this will, it shall revolve until reduced to the vanishing point by the friction of repeated administrations, must be reserved.

Decreed accordingly.

---

(85 Misc. Rep. 656)

### In re BAUMANN'S WILL.

#### (Surrogate's Court, Bronx County. May, 1914.)

1. WILLS (§ 119*)—EXECUTION—VALIDITY.

   The question whether testatrix declared a document to be her will at the time she signed it or just before or just after signing it was not material on the question whether the subscription to the document was a subscription made by her within the Decedent Estate Law (Laws 1909, c. 18; Consol. Laws, c. 13) § 21.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 305–313; Dec. Dig. § 119.*]

2. WILLS (§ 111*)—EXECUTION—REQUISITES.

   Where a testatrix is physically unable to sign her name, she may call another to her aid, even to the extent of holding and guiding her hand, and so long as there is a conscious wish that her hand shall make the signature, and she participates to any extent in making it, and adopts the signature thus made, there is a sufficient compliance with the requirements of the Decedent Estate Law (Laws 1909, c. 18; Consol. Laws, c. 13).

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 267–275; Dec. Dig. § 111.*]

3. WILLS (§ 118*)—EXECUTION—ACKNOWLEDGMENT.

   Where the subscription to a will was actually made in the presence of subscribing witnesses, an acknowledgment by the testatrix that the subscription was hers was not necessary, though the signature was made by her with the assistance of another.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 302–304; Dec. Dig. § 118.*]

Proceedings under contested probate of the will of Mary Baumann, deceased. Decree for proponent.

Charles G. Wheeler, of New York City, for proponent.
Edward R. Vollmer, of New York City, for contestant.

SCHULZ, S. The testatrix left her surviving two sisters and a brother as heirs at law and next of kin, and by her will, after leaving a legacy of $2,000 to her niece and a legacy of $100 to her brother,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the contestant, she left all the rest, residue, and remainder of her estate to her two sisters. The brother contests the will, and the answer sets up a number of objections. The contestant lays stress upon two of them; one being the alleged incompetency of the testatrix at the time of the execution of the will, and the other being an alleged omission in the execution of the will, arising out of the fact that the attorney who attended upon the execution held the hand of the testatrix with which the subscription to the document was made. The testatrix was an invalid at the time of the making of the will and, as the evidence indicates, suffered from locomotor ataxia for a great many years, but, after a careful consideration of the testimony, I fail to discover evidence sufficient to justify a finding by me that she was not competent to make the will at the time it was made. I am satisfied that she was fully competent to make the will, so far as her mental condition was concerned.

[1] This leaves but one question to be considered, namely: Were the statutory requirements fulfilled? Section 21 of the Decedent Estate Law, being Laws of 1909, c. 18, constituting chapter 13 of the Consolidated Laws, prescribes the four steps which must be taken to legally execute and attest a last will and testament. Of these four steps, three were fully complied with; the only question that could possibly arise is whether the subscription to the document was a subscription made by the testatrix. It is well settled that the time when the testatrix declares the document to be her will in relation to the time when she signs the same is of no importance, so that whether the testatrix declared this instrument to be her last will and testament just before she signed it, or while she was in the act of signing it, or immediately after she signed it, is of no moment, if, as a matter of fact, she did sign it, and the signing, declaration, and attestation of the witnesses were all a part of one testamentary act and consummated at one time. Doe v. Roe, 2 Barb. 200; Lewis v. Lewis, 13 Barb. 17; Keeney v. Whitmarsh, 16 Barb. 141; Jackson v. Jackson, 39 N. Y. 153. I am also of the opinion that the subscription made as shown by the evidence was a subscription by the testatrix.

[2] The law upon the question as to how far assistance may be rendered to a person unable to perform the physical act of signing his name has been well stated in Matter of Kearney, 69 App. Div. 481, at pages 483, 484, 74 N. Y. Supp. 1045, 1046, 1047. The court in that case said:

"If a testator is physically unable to sign his name, but requires assistance, he may call in another to his aid, even to the holding of his hand and guiding it. The extent of that aid, so long as it is assistance, does not make the signature invalid, if the signing was in any degree an act of the testator, acquiesced in and adopted by him. * * * The question whether the signature is the act of the testator does not turn upon the extent of the aid, but whether the aid was assistance or control. * * * The testator's mental conception that he desired to sign the will may have been entirely clear, and yet his relative physical power, compared with that of the assistant, may have been almost nil. His mind may have willed the physical action of signing, and yet his hand may almost have refused to obey his mind, so, that, when his hand was taken in the hand of a man in good health, it may have been almost passive or have yielded almost absolutely to the superior force, so as

to have lost the power to make its own peculiar letters; yet so long as there was the conscious wish of the testator that his hand should make the signature, and he participated in any degree in the making of it and acquiesced in and adopted the signature thus made, it was sufficient."

With the above statement of the law, I am in accord.

[3] The contestant lays some stress upon the fact that there is nothing in the evidence which shows that the testatrix acknowledged the signature to be hers, but I do not deem this of importance, because the subscription was actually made in the presence of the witnesses, and if it was a subscription by the testatrix made in the presence of the witnesses, as I have found, even though made with the assistance of some one else, an acknowledgment was unnecessary.

Upon the whole testimony, I find that the will was executed in accordance with the statute by a person competent to make the same, and it will accordingly be admitted to probate. Costs to the proponent payable out of the estate. Settle findings and decrees on two days' notice.

Decreed accordingly.