·JOHN SCHULTZ and others, Appellants, *v.* WILLIAM SCHULTZ
and others, Respondents.

Where a will has been lost or destroyed, under circumstances showing that it
has not been lost or destroyed with the knowledge or consent of the testator,
the fact of its legal existence at the death of the testator may be proved by
circumstantial testimony.

Where it is proved that the will, at the time of its execution, was placed by the
testator in the hands of a custodian to keep, who testifies that he took charge
of the same, and locked it up in a trunk, and supposed it was there at the
time of the testator's death, but upon search for the same after his death it
could not be found, the evidence of its legal existence, at the time of the
testator's death, is sufficient under the statute.

If, under such circumstances, the will was not, in fact, in existence at the death
of the testator, it becomes evident that it was fraudulently destroyed or lost
during the lifetime of the testator; in which case, it was his last will and
testament.

*H. A. Nelson,* for the appellants.

*A. Wager,* for the respondents.

DAVIES, Ch. J.   This action is instituted to establish the
will of Frederick Schultz, deceased, on the ground that
the same has been lost or destroyed by accident or design.
The action was tried by the court without a jury, and the
following facts found: That Frederick Schultz, on the 23d
day of October, 1863, duly made and executed his last will
and testament in writing, in due form of law, as a will of
real and personal estate, and the same was duly attested; by
the terms of which he did dispose of all his real and personal
estate, and after the execution thereof, he delivered the same
to Frederick B. Schultz, as custodian, to be by him retained;
that Frederick B. Schultz took such will to hold and pre-
serve, and carried the same to his residence for that purpose;
that the provisions of that will are clearly and distinctly
proved by the testimony of two credible witnesses, and are as
set forth in the testimony in the record; that on the 20th day
of September, 1865, the said Frederick Schultz departed this
life, without having made any other will, and leaving him

surviving his widow, Elizabeth Schultz, and his children, John F. Schultz, William Schultz and Eliza J. Teal, his only heirs-at-law and next of kin. And the court found, as matter of law, that the foregoing evidence was not sufficient to show that the said last will and testament was in existence at the time of the decease of the said Frederick Schultz, or that the same was fraudulently destroyed in the lifetime of the testator, and decided that the complaint should be dismissed, and rendered judgment for the defendants, and which judgment, on appeal, was affirmed at the General Term. The plaintiffs now appeal to this court.

The provisions of the Revised Statutes of this State, applicable to the case now under consideration, are as follows:

§ 37. "No will in writing, except in cases hereinafter mentioned, nor any part thereof, shall be revoked or altered, otherwise than by some other will in writing, or some other writing of the testator declaring such revocation or alteration, and executed with the same formalities with which the will itself was required by law to be executed; or unless such will be burnt, torn, canceled, obliterated or destroyed, with the intent and for the purpose of revoking the same, by the testator himself, or by another person in his presence, by his direction and consent; and when so done by another person, the direction and consent of the testator, and the fact of such injury or destruction shall be proved by, at least, two witnesses." Section 86 enacts: "Whenever any will of real or personal estate shall be lost or destroyed by accident or design, the Supreme Court shall have power to take proof of the execution and validity of such will, and to establish the same as in the case of lost deeds." Section 90 declares, that "no will of any testator who shall die after this chapter shall take effect as a law, shall be allowed to be proved as a lost or destroyed will, unless the same shall be proved to have been in existence at the time of the death of the testator; or be shown to have been fraudulently destroyed in the lifetime of the testator, nor unless its provisions shall be clearly and distinctly proved by, at least, two credible witnesses, a correct.

copy or draft being deemed equivalent to one witness." (3 R. S., 5th ed., p. 144, &c.)

The existence of the will of this testator, its due execution, and its provisions were clearly and distinctly proven in the manner required by law. If the will had remained in the custody of the testator, or it had appeared that, after its execution, he had had access to it, the presumption of law would be, from the fact that it could not be found after his decease, that the same had been destroyed by him, *animo revocandi*. (*Jackson* v. *Betts*, 6 Wend., 173; *Idley* v. *Brown*, 227; *Knapp* v. *Knapp*, 10 N. Y., 276.) But that presumption is entirely overcome and rebutted, when it appears, as it did in the present case, that, upon the execution of the will, it was deposited by the testator with a custodian, and that the testator did not thereafter have it in his possession or have access to it. It is undeniable, therefore, that the testator himself did not burn, tear, cancel, obliterate or destroy the will. It does not appear, or is it pretended, that it was done by another person in his presence, by his direction and consent. At any rate, such injury or destruction has not been proven by two witnesses. It follows clearly, therefore, that the will of this testator has never been legally revoked or canceled.

That it has been lost or destroyed by accident or design is conceded, and the Supreme Court had, therefore, jurisdiction to take proof of the execution and validity of the will, and to establish the same. But the learned judges of the Supreme Court have supposed that it could not be established unless there was affirmative proof that the will was in existence at the time of the testator's death, or that it was shown that it was fraudulently destroyed in the testator's lifetime. Both or either of these propositions may be established, as well by circumstantial as positive evidence:

1. As to the existence of the will at the time of the testator's death, we have the conceded fact of the execution of the will, and of the deposit of the same with a custodian for safe-keeping. The custodian testifies that, after it was delivered to him, at the time of its execution, he never parted with its

possession, but locked it in a trunk, and supposed it was there at the time of the testator's death. Upon search made for it after his death, it could not be found. There is not a scintilla of evidence or a circumstance to show that the testator ever had possession of the will after its execution and delivery to the custodian. It follows, therefore, as a legal conclusion, that the will was in existence at the time of his death (if not then fraudulently destroyed or lost), in which event, it being now lost or destroyed, either by accident or design, it should be established as a valid will.

2. If the will was not in existence at the time of the testator's death, then it follows equally clear that it must have been fraudulently destroyed in his lifetime or lost. The fraud mentioned and referred to in this connection is a fraud upon the testator, by the destruction of his will, so that he should die intestate, when he intended and meant to have disposed of his estate by will and never evinced any change of that intent. It is undeniable, from the facts in the record, that either this will was in existence at the time of the death of this testator, or that it had been destroyed in his lifetime, without his knowledge, consent or procurement, or accidentally lost. If so destroyed, it was done fraudulently as to him, and, in judgment of law, the legal results are the same precisely as if it had continued in existence up to the time of his death. In either contingency, it was his last will and testament, and its loss or destruction, either by accident or design, being proven, it is the duty of the court to establish it as the will of this testator.

The judgment of the Supreme Court should be reversed and a new trial ordered, costs to abide the event.

Judgment reversed and new trial ordered.