JANE VOORHIS *vs.* GEORGE W. VOORHIS and others.

A referee, after having made.his report in an action, cannot, on the settlement of the case, make any new or other findings of fact or law, to sustain or overthrow, such report.

In settling a case, a referee acts ministerially, and merely states correctly what took place on the trial, and what he decided, in disposing of the case.

The provision, in subdivision 2 of section 268 of the Code, was not intended to enlarge, and does not enlarge, the power of a judge or referee in settling a case, so as to authorize him to make any new findings of law or fact. It requires him simply to specify and insert in the case the findings made on the decision of the cause, and such as he is required by section 267 to embrace and insert in his report.

The Supreme Court, in reviewing judgments rendered by referees and single judges, acts simply as a court of appeals, and can draw no original inferences from the evidence. The facts found must be sufficient to support the judgment; and if they are not sufficient, the court cannot supply the deficiency by drawing such conclusions from the evidence as it may think the referee was authorized to draw and should have drawn.

But in construing and reviewing the reports of judges and referees, the whole report should be taken together; and if all parts of it, thus considered and construed, do cover the case and show that it was in fact decided upon correct principles, courts of review ought to sustain the judgment.

Where, in an action to establish a will alleged to have been fraudulently destroyed in the lifetime of the testator, the findings of the referee, taking those parts of his report which he calls conclusions of fact, and conclusions of law, together, amount in substance and effect to a holding and finding by the referee that the will was fraudulently destroyed in the lifetime of the testator, a judgment upon such findings, in favor of the plaintiff, can be sustained; although the referee does not find, in express terms, that the will was destroyed in fraud of the statute.

What is sufficient evidence to warrant the finding of a referee that a will was fraudulently destroyed in the lifetime of the testator.

Where no objection is taken to evidence on the trial, and no exceptions taken to its admission, it *seems* the court will not reverse the judgment, even though satisfied that the evidence was originally inadmissible. The party should be held to have waived the objection by not raising it at the trial.

Upon the finding of a referee that a will, made when the testator was of sound mind and memory, and when no improper influences controlled him or biassed his judgment, was destroyed by him through fraud and undue influence, the court will sustain a judgment declaring that such will yet remains, in legal effect, a valid will, and may be established as such.

APPEAL, by the defendant, from a judgment entered upon the report of a referee.

The action was brought to set aside a deed of conveyance by James Voorhis, the father of the parties, to the plaintiff, of the farm of the grantor, consisting of 100 acres of land in the town of Romulus, Seneca county ; and to have proved and established a will of the said James Voorhis, which was alleged to have been destroyed in his lifetime, on the ground that the said James Voorhis had not sufficient mental capacity to make a deed, or revoke said will ; and that the execution of said deed and destruction of said will was procured by the fraud and undue influence of the defendant.

.The findings of the referee, and the judgment directed by his report, are set forth in the opinion of the court.

*George F. Danforth*, for tne appellant.

*T. R. Strong*, for the respondent.

E. DARWIN SMITH, J. The proofs, I think, clearly establish the due execution and publication of the will of James Voorhis, deceased, and the findings of the referee on this question were fully warranted by the evidence. And the finding of the referee that the deed executed by the said James Voorhis to the defendant George W. Voorhis, on or about the 2d day of December, 1861, was procured by fraud and undue influence is also warranted by the evidence. The referee finds that said will was, on or about the 1st day of May, 1862, destroyed. This, in effect, is a finding that the will was destroyed in the lifetime of the testator. But the referee goes further, and says of the testator that at the time of executing the deed aforesaid, and of destroying said will, he was feeble in body and weak in mind, but that he was of sufficient mental capacity to make a valid disposition of, or conveyance of, his estate ; that he was so far affected in his bodily and mental strength as to be led and influenced, and deceived by motives presented to his feelings of like and dislike of different members of his family ; that he had confidence in his son George W., and relied upon him ; that he had become displeased with his daughter Jane, for her marriage with Covert, and that this displeasure with his daughter, and his antipathy to her husband, was made use of by the said George W. to procure from the said James the execution of said conveyance and *the destruction of said will ;* and that the execution of the said deed and *the destruction of the said will* was procured by the said George W., from the said James by the false statement to him that unless he did so, some part of his property would go to the

said Covert. This finding, by implication at least, imputes the destruction of said will to the false representations of said George W. to the testator, and is perhaps in effect a finding that such destruction took place in the lifetime of the testator, and by the procurement of the said George W. It is not, however, an express finding that the said will was fraudulently destroyed in the lifetime of the testator. But the referee, in what he calls his conclusions of law, further asserts what is really matter of fact, "that at the time the said James W. executed the said deed to the defendant George W., (Dec. 2, 1861,) and when the said will was destroyed, (about 1st May, 1862,) he was feeble in body and weak in mind, &c. and that he executed said deed, and destroyed, or caused the destruction of the said will, under the influence of George W. Voorhis, and that the said influence was undue and under the impression and belief in the truth of a false and fraudulent statement made by the said George W., or for his benefit and with his assent, and that the execution of the said deed and the destruction of the said will were procured by fraud and undue influence." The referee then proceeds to adjudge that the said deed is null and void, and that the same be surrendered and canceled; and that the grantee take no right, interest or title of, in or to the premises by virtue thereof; that the said will made by the said James Voorhis, was duly executed and published by him, and was his last will and testament, and that the same be and the same was thereby established as his last will and testament. But it appears that on the settlement of the case the referee found some further facts, and among other findings he found "that the said will was never admitted to probate, but was destroyed about the 10th of May, 1862, by James Voorhis himself, or is lost." It is somewhat questionable whether this finding, if we could regard it as properly in the case, removes the difficulty in respect to the referee's findings upon the facts. It is not an explicit finding of either fact, of the loss or destruction of said will. But this finding

cannot, I think, properly be considered. The referee's report, made on the decision of the case, contains no such finding, and upon the delivery of such report, we have repeatedly held, that the jurisdiction of the referee is determined, and that he cannot afterwards make any new or other findings of fact or law to sustain or overthrow his report. (*Nelson* v. *Ingersoll,* 27 *How. Pr.* 3. *Leffler* v. *Field,* 33 *id.* 385.) The statute requires that the decision of the referee shall contain a statement of the facts found, and the conclusions of law, separately, (*Code,* § 267;) and any party, for the purpose of an appeal, may except to the decision within ten days after notice thereof. (*Code,* § 268.) The judge who tries a cause without a jury, or a referee, cannot overreach these exceptions by any new findings of law or fact, any more than a circuit judge could alter his charge to the jury after the verdict was rendered and the circuit adjourned. In settling a case the referee acts ministerially, and merely states correctly what did take place on the trial, and what he did decide in disposing of the case. The provision in subdivision 2 of the 268th section of the Code, requiring the judge, in settling the case, briefly to specify the facts found by him and his conclusions of law, was not intended to enlarge, and does not enlarge, the power of the judge or the referee in settling a case, so as to authorize him to make any new findings of law or fact. It requires him simply to specify and insert in the case the findings made on the decision of the cause and such as he is required by section 267 to embrace and insert in his report. (*Leffler* v. *Field, supra.*) It remains, therefore, to consider whether the judgment of the referee can be sustained upon his original findings as stated in his report upon the decision of the cause. Upon the findings contained in the original report of the referee, I think we can sustain his decision that the will be established. Section 63 of chapter 6, act 3, part 2, of the *Revised Statutes,* provides that whenever any will of real or personal estate shall be lost or destroyed by accident or design, the court

of chancery shall have power to establish the same ; but section 67 declares that "no such will shall be allowed unless. the same shall be proved to have been in existence at the time of the death of the testator, or be shown to have been fraudulently destroyed in the lifetime of the testator." The findings of the referee, taking those parts of his report which he calls conclusions of fact and conclusions of law, together, do, I think, amount in substance and effect to such a finding, and the referee, I think, must be considered as holding and finding that the said will was fraudulently destroyed in the lifetime of the testator. The will cannot be established as a lost will, for there is no evidence which warrants the belief that it was in existence at the death of the testator, and has since been destroyed by any one, or lost by any accident, or misplaced by design. The will doubtless was destroyed in the lifetime of Voorhis, the testator, and by his act, direction, or consent. The question in this view is, therefore, whether it was so destroyed in fraud of the statute. The referee intended, I think, so to find, but he has not so found, in express terms. If he intended so to find, in framing his report strict form required that he should in his findings have so said, expressly, as matter of fact. It was his duty to draw the inference warranted by the evidence, and to say in explicit language what he considered it required and implied as matter of fact. We sit here in reviewing the judgments rendered by referees and single judges simply as a court of appeals, and can draw no original inference from the evidence. The facts found must be sufficient to support the judgment; and if not, we cannot supply the deficiency by drawing such conclusions from the evidence as we may think the referee was authorized to do and should have done. But in construing and reviewing the reports of judges and referees, in such cases, the whole report should be taken together, and if all parts of it, thus considered and construed, do cover the case and show that it was in fact. decided upon correct principles, courts of review ought, I

think, to sustain the judgment. The case of *Eadie* v. *Slimmon*, (26 *N. Y. Rep.* 9,) was quite like this. At special term the judge, in his findings, stated the proofs, and in his conclusions of law found that the assignment of the policy of insurance in question was procured by undue influence. The Court of Appeals affirmed his judgment, reversing the general term, and upon this finding treating it as a sufficient finding of the facts. The case of *Meads, receiver,* v. *The Merchants' Bank of Albany,* (25 *N. Y. Rep.* 143,) presented a similar case, where the proper finding upon the facts was called by the referee a conclusion of law ; and in *Rider* v. *Powell,* (28 *N. Y. Rep.* 310,) the Court of Appeals went much further, and construed a conclusion of law, in the absence of any finding of fact, into a finding of fact and law sufficient to sustain the judgment.

The only question which remains, is, whether there is sufficient evidence to warrant the finding of the referee that the will was fraudulently destroyed in the lifetime of the testator. If the testimony of Jane Voorhis, the wife of the testator, or the declarations of the testator in regard to the destruction of the will were admissible, there can be no doubt, I think, that there was abundant evidence to warrant the findings of the referee on this question. If this testimony had been objected to I should have been of the opinion that it was not admissible, under the case of *Waterman* v. *Whitney,* (11 *N. Y. Rep.* 157.) There the question arose upon exceptions, the evidence having been objected to on the trial ; but here there was no objection to this evidence on the trial, and no exceptions taken to its admission, and it would hardly be proper, I think, to reverse a judgment, even if we were satisfied that the evidence was originally inadmissible. The party, I think, should be held to have waived this objection by not raising it at the trial. If the question presented in this case arose upon the original execution and publication of a will, and we were asked to establish it upon the facts and findings and evidence relating to the destruction of this will, I think

there can be no doubt that a finding that said will had been procured by fraud and undue influence would have been warranted by the evidence, and could be sustained. The ground upon which a will or deed is set aside, in such cases, is that it cannot fairly and truly be said to be the will of the testator; that it does not reflect his honest, unbiased wishes and intent, but is in reality and in fact a will imposed upon him by others. Where a will has been set aside upon the ground of undue influence, the testator has generally been possessed of mind sufficient to make a valid will, but the will has been extorted or procured from him in the weakness and imbecility of old age or disease, by artifice, deceit and imposition, or by persistent importunity amounting in many cases to a species of coercion or moral duress. In such cases the courts hold that the will is not the free act and deed of the party, and is void for that reason. Within this rule, I find no difficulty in sustaining the report of the referee in respect to the deed executed by Voorhis to his son. The difficulty in respect to the will is that it was in fact destroyed by the testator himself. It was last seen in his possession. He told his wife that he had destroyed it. He said, in the presence of his daughter, that he had burned it up. If he was of sound mind, and acted freely, he had as perfect a right to burn up or otherwise destroy the will as he had to make it originally. If he concluded not to have a will, and let the law dispose of, or divide his estate, he had an absolute and perfect right to destroy this will. But if he had not previously made any will and had made one at the time when he destroyed this will, and under the circumstances found by the referee in respect to the said deed and the destruction of this will, such will might properly be held to have been procured by fraud and undue influence; and I do not see why the same rule which we apply to invalidate the said deed as procured by fraud and undue influences should not apply to the destuction of a will where the same influences existed and continued till the death of the testator. The fraudulent destruction of a

will, as this language is used in the statute, doubtless means a fraud against, and an imposition practiced upon, the testator, defeating his intention and purposes in respect to the disposition of his property. (*Schultz* v. *Schultz,* 35 *N. Y. Rep.* 656.) If a testator is imposed upon, deceived and misled, and is thus induced to destroy his own will, I do not see why this is not as much of a fraud as if committed by some one else, and why it is not a fraudulent destruction of a will as much as the execution of a new will under the same influences would be regarded as " the fraudulent execution of a will." A fraud in both cases would be perpetrated through the agency and act of the testator himself. The fraud in both cases would consist in inducing the testator to make such a disposition of his property as did not conform to his real wishes and purposes. The original will of Voorhis was confessedly an honest will. It was made when he was of sound mind and memory, and when no improper influences controlled him or biased his judgment or sense of duty to, or affection for, his children or friends. Upon the findings of the referee that this will was destroyed by fraud and undue influence, I think we may sustain his judgment that it yet remains in legal effect a valid will, and may be established as such. I do not see, therefore, why we must not affirm the judgment, with costs.

WELLES, J. concurred.

JOHNSON, J. dissented.

Judgment affirmed.

[MONROE GENERAL TERM, September 2, 1867. *Welles, E. D. Smith* and *Johnson,* Justices.]