Church, Ch. J.
This is an action for partition of real estate. The trial was at Special Term before a single judge. There are no findings of law or fact, and no exception reviewa *229 ble in this court. The exceptions, filed five years after the judgment, to the “judgment ” and “ decree,” present no question for review. (Code, §§ 267, 268 ; 3 Keyes, 434; 29 K. Y., 616 ; 38 id., 305 ; 13 id., 341.)
The only question which can be considered, and this is urged on behalf of the defendants, is that the court had no jurisdiction to entertain these proceedings. This is predicated upon the ground that the petition does not show that the plaintiff was entitled to bring the action, or that the facts stated in the petition brought the case within the statute authorizing the court to entertain an action for partition. The interest of the plaintiff in the premises was a vested remainder (subject to a life estate) in an undivided half, and a contingent remainder in the other half, dependent upon the death of his brother without issue ; and the brother had a like interest. Whether the Supreme Court erred or not, we think the unanimous decision of this court, in Blakeley v. Calder (15 N. Y., 617), is decisive upon the question of jurisdiction. The precise question involved here was involved in that case; and we should hesitate about disturbing the decision, if we doubted its correctness, but it is proper to say that we approve of it. The Supreme Court possesses general jurisdiction in law and equity, and exercised jurisdiction in law prior to the statute. (47 N. Y., 21.) The proceedings, it is true, must be regulated by statute, but it is competent for the court to determine when the statute has been complied with. In this case the court acquired jurisdiction of the parties; and it had jurisdiction of the subject-matter. If it erred, the error could only be reviewed by exceptions properly taken. The original plaintiff instituted the proceedings and procured the judgment, and has not appealed. The defendant Mills, who owned the life interest, suffered judgment by default and cannot appeal, and the infant defendant appeared and answered by a guardian ad Utem, and has taken no exception which can be reviewed.
The rights of the infant defendant can be fully protected *230 under the recent decision of this court, ordering a resale of his interest.
The judgment must be affirmed, without costs.
All concur.
Judgment affirmed.