## *In re* DE GROOT'S WILL.

*(Surrogate's Court, King's County.   January 20, 1890.)*

1. DESTROYED WILLS—PROBATE—EVIDENCE.

   Actual fraud in the destruction of a will in testator's life-time must be shown, in order to establish the will, under Code Civil Proc. N. Y. § 1865, which provides that a lost or destroyed will cannot be established unless it was in existence at the time of testator's death, "or was fraudulently destroyed in his life-time." Following *Timon* v. *Claffy*, 45 Barb. 438.

2. SAME—FRAUD.

   On application to admit a will destroyed in the life-time of testatrix to probate, it appeared that testatrix had deliberately executed it, devising everything to a man to whom she was engaged to be married, and that the relations between her and the devisee continued until her death. Though she had abundant opportunity to destroy the will, it was not destroyed until the morning of her death, when it was burned by her brother, not in her presence, and under circumstances indicating stealth. The only evidence tending to show an intention to destroy the will was the contradictory testimony of the brother, and the testimony of testatrix's nurse. From the testimony of a servant it appeared that on the morning of her death, and shortly before the will was destroyed, testatrix had not changed her intention, and thought the will was still in her possession. *Held*, that actual fraud in the destruction of the will was shown.

3. SAME—PROOF OF EXECUTION.

   On such application it was shown that testatrix had made a holographic will, which she delivered to her attorney, M., with instructions to draw a new will containing the same provisions. The old will was produced and identified by M. and one C., who testified that C. held and read it to M., who wrote the new will in the same words, repeating each sentence, as he wrote it, for accuracy; that only certain slight changes were made. They also testified that the will as thus drawn had been executed by testatrix. *Held*, that the will was established, within Code Civil Proc. N. Y. § 1865, which requires the provisions of a destroyed will to be "clearly and distinctly proved by at least two credible witnesses, a correct copy or draught being equivalent to one witness."

Sarah M. De Groot executed a holographic will, leaving all her property to one Edgar R. Hodgkinson, to whom she was engaged to be married.   Afterwards she submitted the will to her attorney, and, upon learning that it was not executed in strict conformity to law, directed him to draw up a new will, which she would execute, and to incorporate in it the same provisions.   The attorney, Mr. McGuire, drew up a new will in his own handwriting, embracing the same provisions.   The old will was read to him by one Callahan, and he wrote from such dictation, repeating each sentence as he wrote it, to insure accuracy.   The only change made in the will was the addition, after a devise of real estate, of the words, "to have and hold to the said Edgar R. Hodgkinson, his heirs, executors, and assigns, forever;" and the addition, at the end of the residuary clause, of the words, "estate, both real and personal, of what kind soever."   Testatrix executed the new will, and destroyed the former one by tearing it.   Five days afterwards, while testatrix was in a dying condition, her brother, Horatio St. John, got possession of and burned the will.   This is an application to admit the destroyed will to probate.   On the trial the holographic will was produced and identified, both by Mr. McGuire, the attorney, and Mr. Callahan, both of whom testified as to the circumstances attending the drawing of the new will therefrom.   The will was contested on the ground that it had been destroyed during the life-time of testatrix, at her request, and without fraud.

*John C. McGuire*, for proponent.   *G. G. & F. Reynolds*, for contestant.

ABBOTT, S.   This is an application to prove a will alleged to have been fraudulently destroyed during the life-time of the testatrix.   The case of *Timon* v. *Claffy*, 45 Barb. 438, settles the law applicable to the question here

presented, so far as this proceeding involves a construction of sections 2621[1] and 1865[2] of the Code of Civil Procedure, and section 42, art. 3, tit. 1, c. 6, p. 2548, Rev. St. (8th Ed.) In accordance with this decision, to entitle the proponents to a decree admitting the destroyed will to probate, it is necessary for them to prove an actual fraud against the testatrix in the destruction of her will. The case, therefore, turns upon the question whether this will was fraudulently destroyed in the life-time of the testatrix. It is conceded that the will was, in fact, destroyed by Horatio St. John, the brother of the testatrix, in the presence of Coziah Fanning, a trained nurse, who was attending the testatrix in her last illness, and Maggie Burns, the servant of the family. This was done by burning the will in the kitchen stove on the afternoon of the same day on which the testatrix died a few hours later. In June, 1889, the testatrix, who was a widow lady of middle age, while in her usual health, wrote a holographic will, leaving the bulk of her property to Mr. Hodgkinson, a man much younger than herself, to whom she was engaged to be married. In the July following she became seriously ill, and, fearing that her holographic will might not be legally adequate to the fulfillment of her testamentary desires, sent for her lawyer, Mr. Maguire, on the 26th, and directed him to prepare her will in proper legal form, so to dispose of her property in the same manner as expressed in her holographic will, giving him the paper. The will was so prepared and executed on the same day, and the holographic will was then destroyed in her presence. This expression of testamentary intent could not have been more deliberate, decided, or careful. She died on the 31st day of July, five days later. It is impossible to harmonize the testimony of the nurse, Coziah Fanning, with that of the servant, Maggie Burns, as to the declaration of the testatrix in relation to the destruction of the will. The testimony of the servant, however, impresses me as being the more ingenuous. If the bent of the mind of the testatrix was as testified to by the nurse, I cannot comprehend why the testatrix did not destroy the will herself, or why the nurse did not communicate this wish of the testatrix to the brother, when he came a little later on that day, instead of waiting until the next day, and then imparting it to him by accident. The testatrix never lacked opportunity to destroy the will herself, and there seems to me to have been too much of stealth in and preparation for its destruction by others to make the act appear in the light of an open and above-board transaction. I am obliged to utterly disregard the testimony of the witness Horatio St. John, for the reason that it is so full of contradictions and improbabilities as to stamp it as unworthy of credence. While he is not an interested witness, so as to exclude his testimony under section 829 of the Code, the only person who stands between him and such interest is his father, a feeble and decrepit old man. From the testimony of Maggie Burns, it appears that the testatrix thought the will was still in the box the morning of the day she died, and she had not changed her testamentary intent up to that time, or her sentiment of regard for Hodgkinson. Later in the morning we find the box, in which the will was kept, in the hands of the wife of Horatio St. John. After this, early in the morning, St. John calls the nurse out of the room, and asks her to go with him and see him burn the will, and within a few hours before her death, and not in her presence, the will is burned in the kitchen stove. No explanation is even suggested as to what might have produced any change in the testamentary inten-

[1] Code Civil Proc. N. Y. § 2621, provides that "a lost or destroyed will can be admitted to probate * * * only in a case where a judgment establishing the will could be rendered, * * * as prescribed in section 1865 of this act."

[2] Section 1865 provides that "plaintiff is not entitled to a judgment establishing a lost or destroyed will, * * * unless the will was in existence at the time of the testator's death, or was fraudulently destroyed in his life-time; and its provisions are clearly and distinctly proved by at least two credible witnesses, a correct copy or draught being equivalent to one witness."

tion of the deceased, so clearly expressed by her five days before, and after many weeks of careful deliberation. Her intimate and affectionate relations with Hodgkinson had never been interrupted, and continued to the very hour of her death. Upon all the evidence, and the peculiar circumstances surrounding the transaction and occurrence, I cannot resist the conclusion that the will was destroyed fraudulently, without the consent or direction of the testatrix. Section 1865 of the Code requires that the provisions of the will be clearly and distinctly proved by at least two credible witnesses, "a correct copy or draught being equivalent to one witness." This section is to be liberally construed, (*Hook* v. *Pratt*, 8 Hun, 102–109,) and I think the proponents have sufficiently complied with its requirements. Let a decree be entered establishing the will, and admitting it to probate.