Order affirmed, with $10 costs and disbursements.

---

## PERRY v. PERRY et al.

(Supreme Court, General Term, Fourth Department. November, 1892.)

1. WILLS—WHAT CONSTITUTES.
　　An instrument conveying land, which is not intended to take effect until after the death of the person executing it, is properly construed to be a will, and not a deed, where there is nothing in the language of the instrument and in the circumstances under which it was executed to indicate that it was in-

tended as anything else than a will, and hence such instrument is subject to revocation by the person executing it at any time during her life.

2. LOST OR DESTROYED WILL—PROCEEDINGS TO ESTABLISH—BURDEN OF PROOF.
   In proceedings under Code Civil Proc. §§ 1861–1867, to establish a lost or destroyed will, the burden is on plaintiff to show that the will was in existence at the time of testator's death, or was fraudulently destroyed during her lifetime, as expressly provided by section 1865; and when the evidence shows the will to have been destroyed during testator's lifetime, by his direction, with the intention of revoking it, the complaint is properly dismissed.

Appeal from special term, Oneida county.

Action by Ira W. Perry against Thomas Perry and others. From a judgment dismissing his complaint, plaintiff appeals. Affirmed.

On the 16th day of February, 1891, Ellenor Perry died in the city of Utica, at her residence, 57 Lansing street, leaving, her surviving, children and grandchildren, who are parties to this action. At the time of her death she was the owner of the premises known as "57 Lansing Street." Plaintiff's amended complaint alleges that the deceased, for a valuable consideration, in her lifetime, "being then the owner in fee and in full possession of the premises hereinafter described, executed, acknowledged, and delivered to him, and for his sole use and benefit and behoof, an instrument in writing, by which she duly granted and conveyed to him in fee simple, and to his heirs and assigns forever, he to have, take, and hold the same absolutely, although the interest or right to the possession thereof was postponed until the death of the said grantor, and by the terms thereof the said premises and real estate." etc. Plaintiff also alleges that after the death of his mother at the homestead "a due and diligent search was made, and also a due inquiry, among the papers and effects of the said deceased, and in all places where the same would be likely to be found, but that he could find no trace nor information sufficient to ascertain as to what became of the said deed and instrument as above described, although the same (upon record) bears date February 25, 1884; and after the due acknowledgment thereof, and the due recording thereof, was duly and by the said acting county clerk, A. H. Ballou, Esq., duly and in person handed over and delivered by the said clerk to the said Ellenor Perry, the said grantor therein named, and should have been found among her papers and effects and in and about her said residence, and which abstraction or destruction of the said deed and instrument was so accomplished in some manner unknown to this plaintiff, and cannot be accounted for unless it was mutilated or burned or destroyed by the two said defendants Mary Jane and Catherine Perry, or one of them." It alleges that the defendants mentioned "had ample opportunity so to do;" and it alleges that the said defendants have presented to the surrogate of Oneida a will made December, 1887, by the mother. The plaintiff asks that the instrument of 1884 "be declared and adjudged as valid and subsisting deed and grant of the premises, * * * whether as a lost or destroyed will or a lost or destroyed deed, and as provided by law, and so adjudged by the court and upon the proofs adduced." The defendants, in an answer, admitted the death of Ellenor Perry, and that the parties to this action are her sole heirs surviving at law, and denied the other allegations of the complaint; and they also, in their answer, allege that Ellenor Perry was the owner of lot 57, Lansing street, Utica; and they allege that on the 3d day of December, 1887, she then executed and published in proper form of law her last will and testament. and set out a copy of the same, and that it was by her delivered to the attorney who drew the same, and retained by him until after her death, when it was delivered to the surrogate of Oneida for probate. It is found that the will of the 25th of February, 1884, was made and executed, and that on the 29th of October Ellenor Perry delivered it to the clerk of Oneida county at his office; that the clerk made a memorandum of the receipt of the same, and recorded the same, and that the same was delivered to Ellenor Perry December 10, 1885, "when she carried it away." It is found "that on or about December 3, 1887, but without the knowledge of the plaintiff, the said instrument above set forth was thrown into a stove and burned by the said E. J. Ball, at the direction of Ellenor Perry, which act he (said Ball) had previously and upon the same occasion advised her she had a right to do, and which act was done in her presence and in the presence of W. D. Ball."

As conclusions of law it was found—

"That the instrument signed and executed by Ellenor Perry on or about February 25, 1884, was a will and testament; (2) that the same was subject to the con-

trol of the testator, and could have been revoked and altered by her at any time; (3) that said instrument was revoked on or about the 3d day of December, 1887, by its destruction at the request of the testator; (4) that the said instrument was not a deed, and did not convey to the plaintiff the title to the premises described in the complaint; (5) that there was not sufficient evidence on the part of the plaintiff to make out a cause of action."

Judgment was directed for the defendants, dismissing the complaint, with costs, and dissolving an injunction that had been obtained.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

W. H. Gardenier and William Kernan, for appellant.

E. J. & W. D. Ball, for respondents.

HARDIN, P. J. 1. Nothing appears in the instrument of February, 1884, indicating that it was intended as a deed of the premises mentioned therein.

2. Nothing appears in the evidence adduced at the trial indicative that the deceased intended the instrument to operate as a deed or conveyance of the premises. On the contrary, the language of the instrument, and the evidence of the circumstances under which it was executed, unite in indicating that the instrument was intended as a last will and testament of the deceased, Ellenor Perry. She therefore had the right to revoke the same during her life. It is well settled that, where a will is not found to be in existence at the time of the death of the testator, there is a presumption that it was revoked. It was said in Holland v. Ferris, 2 Bradf. Sur. 335:

"If a will proved to have been executed, and to have been in the possession of the decedent, cannot be traced to the custody of another, or cannot be found, the presumption of law is that it has been destroyed animo revocandi."

It was provided in section 67 of the Revised Statutes, as appears at page 153, vol. 3, (5th Ed.) as follows:

"No will of any testator who shall die after this chapter shall take effect as a law shall be allowed to be proved as a lost or destroyed will unless the same shall be proved to have been in existence at the time of the death of the testator, or be shown to have been fraudulently destroyed in the lifetime of the testator."

This section fell under the eye of Judge Mason for construction in Knapp v. Knapp, 10 N. Y. 278, and, after quoting the portion of the section above given, he said:

"This statute recognizes the former common-law rule by requiring proof either that the will was in existence at the time of the death of the testator, or that the legal presumption that the testator destroyed it animo revocandi be overcome by satisfactory proof that it was fraudulently destroyed in the lifetime of the testator."

In that case it was held there was not sufficient evidence to authorize a submission to the jury of the question whether the will in controversy was in existence at the death of the testator, and, a fortiori, not sufficient to justify proof of its contents. In Re Nichols, 40 Hun, 387, it was held, viz.:

"Where a will, which was last seen in the possession of the testator, cannot be found after his death, the legal presumption is that he destroyed it for the purpose of revocation."

It seems the plaintiff supposes this action may be maintained to establish the instrument of February, 1884, as a lost will, pursuant to

the provisions of article 3, tit. 3, Code Civil Proc., containing sections 1861–1867, inclusive. It is provided in section 1865 of the Code as follows:

"But the plaintiff is not entitled to a judgment establishing a lost or destroyed will, as prescribed in this article, unless the will was in existence at the time of the testator's death, or was fraudulently destroyed in his lifetime."

It was therefore incumbent upon the plaintiff, in order to bring his case within the provisions of the sections to which reference has been made, to establish that the will of 1884 was in existence in 1891, at the time of the death of Eilenor Perry, or that it was fraudulently destroyed in her lifetime. No satisfactory evidence of either fact was given upon the trial. On the contrary, it does appear by evidence that the will was, by her act, destroyed on the 3d of December, 1887. There was not sufficient evidence given upon the hearing to warrant the court in giving the relief provided for by the sections of the Code relating to establishing a lost will. We are therefore of the opinion that the trial judge properly held that the instrument of February, 1884, was not a deed, and that, upon the evidence before him, it could not be established as a lost will. We think no error was committed upon the trial calling for an interference with the conclusion reached, and that the judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.