In the Matter of Proving the Last Will and Testament of Augustus M. Purdy, Deceased, as a Will of Real and Personal Property.

Horace B. Forman, Appellant; Solomon G. Purdy and Others, Respondents.

*Lost will — what proof is insufficient to show that a will was executed as required by statute — proof required as to its contents.*

On an application for the probate of a lost or destroyed will the subscribing witnesses testified that the testator came to them with a paper in his hand which he said was his will, and that they signed it at his request. One of them testified that the testator did not sign the will in his presence, and that when he signed it he did not see the testator's signature attached to it, while the other testified that the testator signed it in his presence, after both the witnesses had signed. There was no evidence that there was an attestation clause attached to the instrument, or that the testator acknowledged his signature to either of the witnesses.

*Held*, that the instrument was not entitled to probate, as it did not appear that it had been executed in the manner required by the statute (2 R. S. 63, § 40).

What proof as to the contents of a lost will is not a compliance with the requirements of section 1865 of the Code of Civil Procedure, considered.

APPEAL by the petitioner, Horace B. Forman, from a decree of the Surrogate's Court of New York county, bearing date the 30th day of December, 1898, and entered in said Surrogate's Court, dismissing his application to establish the alleged lost will of Augustus M. Purdy, deceased.

*Robert A. B. Dayton*, for the appellant.

*Robert E. Deyo*, for the respondents.

INGRAHAM, J.:

By this proceeding the proponent attempted to probate an alleged lost or destroyed will of Augustus M. Purdy, deceased. The surrogate denied the application upon two grounds, *first*, that the due execution of the proposed will was not proved; and, *second*, that the provisions of the alleged will were not clearly and distinctly proved, as required by section 1865 of the Code of Civil Procedure. We agree with the surrogate in the conclusion at which he arrived, and have little to add to the very satisfactory opinion stating the reasons for his conclusion.*

By section 2586 of the Code, this court is given the same power to determine the facts as is given the surrogate. We have carefully examined the evidence before the surrogate, and concur in the conclusion that he reached. The will was sought to be proved by the testimony of two witnesses, William Lee and Richard Fooler. Lee testified that he could not particularly specify the time that he signed a will at the request of the deceased, but that it was some time in the spring of 1892; that the witness was employed as a night porter in the Cumberland apartment house, in which the deceased then resided; that one evening, between seven and eight o'clock, the deceased came down to the basement of the apartment house with the elevator man and asked the witness to sign a paper, stating that it was a will; that the witness and the elevator man signed the paper and asked no questions; that Mr. Purdy, the deceased, signed his name to the paper after the witness and the elevator man signed

* 25 Misc. Rep. 463.

their names; that the deceased told the witness that it was a will, and that it might be some good some time or other, and perhaps it might not.    The other witness, Fooler, testified that in the spring of 1892, about March or April, one evening about half-past eight or nine o'clock, the deceased came to the elevator man with the paper in his hands and said: "This is my will.   I would like to have you and the watchman sign it for me;" that the witness and the watchman signed it; that the deceased did not sign it in the presence of the witness; that the other witness signed in his presence, but the witness did not see the name of the deceased attached to the will when he signed it, and that after the paper was signed the deceased took it to his apartment — went up in the elevator with the witness. There was no evidence that there was attached to this instrument an attestation clause, that the deceased either acknowledged his signature, or signed the instrument in the presence of both witnesses, or that when the will was signed by the witnesses the deceased's signature was attached to it.    One of the witnesses expressly testifies that the will was not signed in his presence, and that when he signed it there was no signature attached to it.    The other witness testifies that the deceased signed the will after it was signed by both witnesses.    In *Matter of Mackay* (110 N. Y. 611) it was held that "The formalities prescribed by the statute are safeguards thrown around the testator to prevent fraud and imposition.    To this end the witnesses should either see the testator subscribe his name, or he should, the signature being visible to him and to them, acknowledge it to be his signature.    Otherwise imposition might be possible and sometimes the purpose of the statute might be frustrated."    In *Lewis* v. *Lewis* (11 N. Y. 226) it was held that a signature "neither seen, identified or in any manner referred to as a separate and distinct thing cannot, in any just sense, be said to be acknowledged by a reference to the entire instrument, by name, to which the signature may or may not be at the time subscribed;" and in *Mitchell* v. *Mitchell* (16 Hun, 97; affd., 77 N. Y. 596) it was held that the will was not properly executed for the reason that one of the witnesses did not see the testator's signature, and, as to that witness, there was not a sufficient acknowledgment of the signature or a proper attestation.    The statute with reference to the manner of executing wills provides that "Such subscription shall be made by the tes-

tator in the presence of each of the attesting witnesses, or shall be acknowledged by him to have been so made, to each of the attesting witnesses." (2 R. S. 63, § 40.) In this case there was no evidence that the signature was made in the presence of both witnesses, and to neither of the witnesses did the testator acknowledge his signature. There was no proof of an attestation clause stating that the testator had signed the will in the presence of the witnesses, or had acknowledged his signature to each of the witnesses; and in the absence of distinct testimony that the will was either signed in the presence of the witnesses, or was acknowledged by the testator to be his signature to the instrument, the requirements of the statute are not complied with.

Nor do we think that the proof of the contents of the will met the requirements of section 1865 of the Code, before referred to. It is there provided that the plaintiff is not entitled to a judgment establishing a lost or destroyed will unless the will was in existence at the time of the death of the testator, and its provisions are clearly and distinctly proved by at least two credible witnesses. The witnesses called to prove the contents of the will seemed to have had but one fact impressed upon their minds, and that was that the decedent's father was not mentioned. One of the witnesses stated that the paper devised and bequeathed all the decedent's personal estate to his mother and to her heirs and assigns. The other witnesses swore that the devise and bequest was to the heirs at law of the deceased's mother, but none of them attempt to give the exact language used in the will, and there is no evidence to show that there were not other legacies than that to the testator's mother, or his mother's heirs and assigns. Taking all the evidence together, it is far from being clear and distinct proof of the contents of the will and it is not such as to justify a decree establishing the instrument to be a last will. It would be impossible to insert in the decree the substance of this will as the substance of it was not proved.

We think that the decree was right and should be affirmed, with costs.

VAN BRUNT. P. J., PATTERSON, O'BRIEN and McLAUGHLIN, JJ., concurred.

Decree affirmed, with costs.