1. WILLS—PROOF OF LOST INSTRUMENT—EVIDENCE—PROBATE.

Where the existence of a will, its due execution, and its provisions are clearly proved, as required by law, evidence that the paper, immediately after its execution, was delivered by the testatrix to the executor named in it, for safe-keeping; that within a week before her death the testatrix spoke of the will being in the custody of the executor, and expressed satisfaction with its provisions; and that the executor, on searching for the will among his papers, had been unable to find it,—is sufficient to secure the admission of the lost instrument to probate, under Code Civ. Proc. § 1865, providing that a lost will shall not be admitted to probate unless it was in existence at the time of the testator's death, or was fraudulently destroyed in his lifetime.

2. SAME.

The declarations of a testatrix, about a week before her death, that she believed her will to be in the custody of the executor named therein, and that she was satisfied with its provisions, are competent evidence, in proceedings for the probate of a lost will, to rebut any inference of revocation arising from its loss.

Action for the probate of the lost will of Mary Cosgrove, deceased. Probate decreed.

Daniel J. Cushing, for proponent.

George H. Starr, special guardian, for contestants.

THOMAS, S. The existence of the will of the testatrix, its due execution, and its provisions were clearly and distinctly proved in the manner required by law. It was also shown by two disinterested witnesses that the paper was, immediately after its execution, delivered by the decedent to the executor named in it, who was also the residuary legatee, for safe-keeping, and there is no evidence that it ever subsequently came into her possession. On the contrary, the evidence is that, within about a week before her death, she spoke of the will being in the custody of the executor, and expressed satisfaction with its provisions. The testimony of the executor is that he placed the document with certain of her valuable papers; but he moved his place of residence, and supposed that the papers were also moved, and on searching for the will after the death of the decedent he failed to find it. These facts are quite similar to those in Schultz v. Schultz, 35 N. Y. 653, and upon the authority of that case they require the inference that the will was in existence at the time of the death of the testatrix, or was "fraudulently destroyed in her lifetime," within the meaning of those words as used in section 1865 of the Code of Civil Procedure. The declarations of the testatrix to the effect that she believed the will to be still in the custody in which she had placed it, and that it was a valid and unrevoked testamentary document, were competent to rebut any inference of revocation arising from its loss. Betts v. Jackson, 6 Wend. 173, 187, 188; In re Marsh's Will, 45 Hun, 107; Patterson v. Hickey, 32 Ga. 156; In re Johnson's Will, 40 Conn. 587. Declarations to sustain an alleged revocation of a will shown to be in existence and uninjured stand upon a different ground, and

are governed by a different rule. In re Marsh's Will, 45 Hun, 107; Waterman v. Whitney, 11 N. Y. 157; Eighmy v. People, 79 N. Y. 546, 558. The lost instrument, as proved, will be admitted to probate; costs to proponent and special guardian out of the estate.

Probate decreed; costs to proponent and special guardian.