In the Matter of the Probate of the Last Will and Testament of ANNIE M. DORRITY, Deceased.

Surrogate's Court, Westchester County, June, 1922.

Wills — destruction without knowledge of testatrix — constructive fraud — will left with attorney for changes — loss of instrument — death of testatrix before execution of new will — when old will, on production of copy, admitted to probate.

The destruction of a will without the knowledge or consent of the testatrix in disregard of her intention and to the injury of the objects of her bounty constitutes constructive fraud and becomes a fraudulent destruction within the meaning of section 143 of the Surrogate's Court Act.

Where the evidence clearly established that testatrix on a specified date duly executed her last will, that she did not destroy it nor was it destroyed in her presence or by her direction or with her consent or knowledge, it must be held that under section 34 of the Decedent Estate Law the will was never legally revoked or canceled.

Upon an application under section 143 of the Surrogate's Court Act to prove the will, which it was conceded had been destroyed or lost and is still missing, it appeared that in October, 1921, the testatrix brought a will which she had duly executed in the preceding February to her attorney and requested him to add a provision to it. His office stenographer took the will apart, removed the last three pages, which contained the signature of testatrix, the attestation clause and the signatures of the witnesses, and in their place substituted three new typewritten sheets with an added clause as desired by the testatrix, and tied it together. Before the work was finished testatrix left the office, saying she would return, and the stenographer, assuming, as she was informed, that the testatrix would wait until the work was finished, and that the new paper would be then and there executed, either mislaid, lost or destroyed the three sheets removed from the executed will, but in any event they disappeared and have never been found. The testatrix died without having executed the new paper. The true copy of the original five sheets of the executed but missing will and the three newly typewritten sheets with the added paragraph were all received in evidence. *Held*, that the document will be admitted to probate, and it appearing from the testimony of the living witness, one having died, that the name of the testatrix and the names of the subscribing witnesses were on the original instrument in the same places as they appear upon the copy received in evidence, its form will be decreed to be that of the draft or true copy of the executed paper writing.

Proceeding to probate a lost will.

*Arthur Rowland*, for petitioner.

*John C. Ten Eyck*, special guardian.

Slater, S. This is an application to prove a paper writing under section 143 of the Surrogate's Court Act, formerly sections 2613 and 1865 of the Code of Civil Procedure.

Where the will " *has been lost or destroyed by accident or design,*" an action to establish a will must be brought in the Supreme Court, pursuant to sections 200 and 204 of the Decedent Estate Law, formerly section 1861 of the Code of Civil Procedure. Under section 143 of the Surrogate's Court Act, *a lost or destroyed will* may be admitted to probate in the Surrogate's Court if " *the will was in existence at the time of the testator's death, or was fraudulently destroyed in his lifetime,* and its provisions are clearly and distinctly proved by at least two credible witnesses, a correct copy or draft being equivalent to one witness." The genesis of these provisions was the common law codified and placed in the Revised Statutes of 1830. The power given to the Surrogate's Court to probate wills in existence at the time of the death of the testator, or when *fraudulently destroyed* in his lifetime, was given by chapter 359 of the Laws of 1870. The surrogate's power is purely statutory. *Hatch* v. *Sigman*, 1 Dem. 519; *Matter of Ascheim*, 75 Misc. Rep.

434; *Matter of Granacher*, 74 App. Div. 567; affd., 174 N. Y. 504; Jessup-Redfield on Surrogates' Courts, 413, 414.

The revisers of the Surrogate's Court practice of 1914 did not see fit to change the condition that had existed since 1870. I know of no reason why concurrent jurisdiction should not be given to the surrogate, so that that court could probate a will that had been lost or destroyed by accident or design. The only difference would be that statutory proof, by at least two creditable witnesses, must be produced in the Surrogate's Court, while common-law proof will be sufficient in the Supreme Court.

It brings to light the opportunity for further legislation to give added power to the surrogates of the state.

The facts of the instant case are these: The testatrix made and executed a last will and testament on February 21, 1921. It is the paper writing sought to be probated in this proceeding. In October, 1921, she brought to the attorney the executed paper writing, still in the sealed envelope in which it had been placed on the date of its execution, and requested her attorney to add a provision to it. She did not want to make a codicil. The attorney broke the seal and directed the office stenographer to add a provision to it. The stenographer recopied the last three sheets of the executed paper writing with an added clause therein, as desired by the testatrix. It was about four o'clock in the afternoon, and the testatrix said she would wait until the work was finished, so as to execute the paper writing. However, before the work was finished, she changed her mind, and told the attorney she would go out and do some shopping and would return. As a matter of fact, she never came back. The stenographer took the executed will apart, removed the last three pages and in their place substituted the three new typewritten sheets, and tied it together with a red cord. The three sheets of the executed document contained the signature of the testatrix, the attestation clause and the signature of the witnesses. The three sheets removed from the originally executed paper writing were destroyed or lost. The stenographer's memory is not clear, nor confident upon this point. In any event, they have disappeared, and have never been found. The proof is that the stenographer mislaid, lost or destroyed the sheets of the executed will unknown to the decedent. She assumed that the testatrix would wait as she was informed, and that the new paper writing would then and there be executed. She failed to comprehend the frailty of human beings. Later on effort was made by the attorney to attend at the home of the decedent with a witness desired by her, but before this had been done the testatrix left the city to visit in Connecticut and died while there. It is undeniable that

the testatrix did not destroy the executed will, nor was it destroyed in her presence, or by her direction, or with her consent or knowledge. It follows that the will has never been legally revoked or canceled. Decedent Estate Law, § 34. That it has been destroyed, or lost, and is still missing, is conceded. The evidence clearly established that the decedent executed a will, dated February 21, 1921, with all the formality prescribed by statute.

The equitable doctrine of fraud deals with those manifold varieties of fraud where relief is required for the purpose of substantial justice. It includes all acts or admissions which involve a breach of duty, or trust or confidence reposed, and are injurious to another. Bouvier L. Dict. 1306; 1 Story's Eq. Juris. (14th ed.) 256; *People* v. *Kelly*, 35 Barb. 444, 457; *Mills* v. *Smith*, 19 N. Y. Supp. 854, 857.

The fraud mentioned in section 143 of the Surrogates' Court Act is a fraud upon the testatrix and the persons who would take under the will by her dying intestate when she meant to die testate. The will was destroyed fraudulently as to her and those who take under the will. There was no actual fraud, nor an intention to profit by the destruction of the will. The destruction of the will without the knowledge or consent of the testatrix in disregard of her intention and to the injury of the objects of her bounty constitutes constructive fraud and becomes a fraudulent destruction within the meaning of section 143 of the Surrogates' Court Act. *Schultz* v. *Schultz*, 35 N. Y. 653; *Early* v. *Early*, 5 Redf. 376; *Voorhis* v. *Voorhis*, 50 Barb. 119; *Matter of Cosgrove*, 31 Misc. Rep. 422; *Matter of Gethins*, 97 id. 561; *Matter of DeGroot*, 9 N. Y. Supp. 471. The statute should have a liberal construction. *Hook* v. *Pratt*, 8 Hun, 102. No positive dishonesty of purpose is required to show constructive fraud. *Forker* v. *Brown*, 10 Misc. Rep. 161.

The facts herein cause the instant case to be distinguished from *Matter of Reiffeld*, 36 Misc. Rep. 472. That decision serves to fortify my earlier statement that the Surrogate's Court should be given power to probate wills lost by *accident or design*. In the instant case there was the " intervening human agency set in motion to have brought about its destruction."

Unmistakable evidence as to all the facts in a clear, distinct and convincing form has been offered, and the provisions of the will, the manner of execution, and its publication have been properly made. *Grant* v. *Grant*, 1 Sandf. Ch. 235; *Matter of Purdy*, 46 App. Div. 33; *Early* v. *Early*, *supra; Knapp* v. *Knapp*, 10 N. Y. 276; *Perry* v. *Perry*, 21 N. Y. Supp. 133; *Matter of Kennedy*, 167 N. Y. 163; *Harris* v. *Harris*, 36 Barb. 88.

An order should be entered dispensing with the testimony of the deceased witness. The draft, or true copy of the executed paper

writing, the original five sheets of the executed paper writing and the three newly typewritten sheets with the added paragraph were all offered and received in evidence.

The document will be admitted to probate and as it appears from the testimony of the living witness that the name of the testatrix and the names of the witnesses were on the original instrument in the same places as they appear upon the draft which was offered in evidence, its form will be decreed to be that of the draft, or true copy of the executed paper writing. The decree will recite the will as indicated.

Probate decreed.

Decreed accordingly.