In the Matter of the Petition of EMMA F. CONDON to Prove a Certain Lost Instrument as the Last Will and Testament of JOHN CONDON, Deceased.

Surrogate's Court, Kings County, March 19, 1925.

**Wills — lost will — probate — evidence shows that will was left with attorney and was not again in testator's possession — will admitted to probate under Surrogate's Court Act, § 143.**

The will of the testator was properly admitted to probate as a lost will under section 143 of the Surrogate's Court Act, since it appears that the will was executed by the testator and left in the possession of his attorney and was not again in the possession of the testator; that a careful, exhaustive search was made for the will but it could not be found, and that while the attorney with whom the will was left purported to have no recollection, the evidence, including declarations by the testator, to which no objection was made, shows that the attorney had the possession of the will and that it was not thereafter in the possession of the testator.

PROCEEDING for probate of lost will.

*John H. Donlan,* for the petitioner.

*Isidor F. Greene,* for the contestants.

*James H. McCabe,* special guardian.

WINGATE, S.:

Section 143 of the Surrogate's Court Act permits the probate of a lost or destroyed will " only in case the will was in existence at the time of the testator's death, or was fraudulently destroyed in his lifetime    *    *    *."

Failure to find a will after careful and exhaustive search raises a presumption that the decedent destroyed it with the intention of revoking it. (*Knapp* v. *Knapp,* 10 N. Y. 276; *Collyer* v. *Collyer,* 110 id. 481; *Matter of Kennedy,* 167 id. 163; *Matter of Cunnion,* 201 id. 123; *Matter of Sheldon,* 158 App. Div. 843; *Matter of Ascheim,* 75 Misc. 434.)   This presumption would be rebutted by proof that upon the execution of the will it was deposited by the testator with a custodian, and that the testator did not thereafter have it in his possession or have access to it.   (*Schultz* v. *Schultz,* 35 N. Y. 653.)

It is urged that the proofs submitted upon the hearing, consisting partly of declarations of the testator, show that the will was left with the attorney who drew it, and that it was lost by the latter in the decedent's lifetime, such loss being equivalent to a fraudulent destruction as to the testator within the meaning of the statute. (*Schultz* v. *Schultz, supra.*)

No objection was made on the trial to the evidence of declarations of the testator, and no exception was taken to its admission. These declarations being evidence in the case, must be considered and given the weight to which they are entitled. (*Voorhis* v. *Voorhis*, 50 Barb. 119, 125; affd., 39 N. Y. 463, see p. 466.) They outweigh the lack of recollection of the attorney, and it is found that the original will was left with the attorney after it was executed, was not thereafter in testator's possession, and he did not have access to it.

The will is admitted to probate.

Let a decision and decree be settled accordingly.