In the Matter of the Probate of the Will of DAISY A. BLY, Deceased. JAMES F. BLY, Appellant; DORIS W. CHELTENHAM et al., Respondents.— In a proceeding to probate a lost or destroyed will, proponent appeals from a decree of the Surrogate's Court, Kings County, denying probate. Decree unanimously affirmed, with costs to respondent Doris W. Cheltenham, payable out of the estate. The original of the will sought to be probated was not

found after decedent's death. The sole proof, introduced by proponent and credited by the Surrogate, of the loss or fraudulent destruction of the will was that respondent Doris W. Cheltenham, an adopted daughter, who had been disinherited by the propounded instrument but who would take the entire estate if probate were denied, read the will about eight days after its execution, but that she did not know what happened to the will thereafter and never saw it again. There is a presumption of revocation created where a will, shown to have existed and to have been in the testator's possession, cannot be found after his death. (*Matter of Staiger*, 243 N. Y. 468, 472.) That presumption may be overcome by proof that the testator did not have possession of, or access to, the will after its delivery to a third person. (*Schultz* v. *Schultz*, 35 N. Y. 653.) The evidence in the case at bar was not sufficient to overcome the presumption because there was no proof by proponent that said respondent had possession or custody of the will to the exclusion of the testatrix, nor proof that the testatrix never had access to, or possession or custody of the will after said respondent read it. Present — Nolan, P. J., Adel, Wenzel, Schmidt and Beldock, JJ.