In the Matter of the Estate of ROSINA MUSACCHIO, Deceased.

Surrogate's Court, Madison County, February 27, 1933.

*Calli & Nemeti*, for the petitioner.

*David F. Wallace*, for the contestant.

CAMPBELL, S. The petitioner has produced two witnesses who have sworn to the contents of such alleged will. Objection to

the probate was filed by one of the sons of decedent. There are two sons and a daughter who have not appeared. No proof was offered by the contestant on the hearing as he contends that the petitioner has failed to prove facts sufficient to entitle the alleged lost will to be probated.

The deceased was a patient at the O'Neil Sanitarium in Syracuse when she was visited on or about October 18, 1932, by the petitioner, Mary Cesario, another daughter, one Sam Danesi, a merchant of Canastota, N. Y., and Sam Campagni, an interpreter and insurance agent of the city of Oneida, N. Y. The latter two were witnesses to the alleged will on said occasion. Campagni predeceased the testatrix by a few weeks.

Subsequent to October 18, 1932, testatrix was taken to the home of her daughter, the petitioner, at Canastota, N. Y., where she died on the 23d day of November, 1932.

The two witnesses, Sam Danesi and Amelia Musacchio, the other daughter, not mentioned in the will, heard all the conversation and heard the alleged will read in Italian and English in the presence of the testatrix, and agree in detail as to its contents. They say that each of the three sons were to have five dollars and that the remainder was bequeathed absolutely to petitioner on condition that she care for testatrix during her natural life and that petitioner was named as executrix. The daughter, who is a witness as to the contents, did not receive anything as her mother had already helped her financially.

The contestant has not offered the slightest evidence to dispute these facts. It appears that the will was made at the hospital with the nurse or nurses in charge there free to come and go during the time the act took place, but no one from the hospital has been called as a witness.

The law provides that the provisions of the alleged lost will be clearly and distinctly proven by at least two creditable witnesses. (Surr. Ct. Act, § 143.)

Very little has been said by the courts in construing this section. Certainly the witnesses are not expected to give the exact language but the substance is sufficient. Only such a construction could be within reason, otherwise no alleged lost or fraudulently destroyed will could ever be probated.

In *McNally* v. *Brown* (5 Redf. 375) the court stated : " It is not necessary that the witnesses should remember the exact language used by the testator; but they must be able to testify at least to the substance of the whole will, so that it can be incorporated in the decree, should the will be admitted to probate."

Each of the witnesses must be able to testify to all of the principal parts of the will. (*Matter of Ruser*, 6 Den. 31.)

The witnesses produced by petitioner met this requirement as they agree upon the substance of the will and this meets the requirements of the section.

The contestant also contends that the petition must be denied because petitioner has failed to show that the alleged will was in existence at the time of the death of the testatrix or was fraudulently destroyed in her lifetime. On this point he cites: *Matter of Kennedy* (167 N. Y. 163); *Collyer* v. *Collyer* (110 id. 481); *Matter of Sheldon* (158 App. Div. 843). In all of these cases, however, the will was in the possession of the testatrix when last seen. In the case before this court the will was delivered by the decedent to the scrivener, Sam Campagni, whose office was in the city of Oneida at the time.

Decedent when she left the hospital was taken directly to her daughter's home at Canastota, N. Y., and never left the house before her death and as far as the evidence shows never saw Sam Campagni after the will was drawn.

The day before his death Campagni inquired of Mr. Frank Nemeti, then an attorney of Oneida, N. Y., where would be a proper place to deposit the will and was told he should leave it in the surrogate's office of the county. Subsequent search after the death of Campagni was made among the papers and effects of said Campagni and also in the surrogate's office and other places, but the alleged will could not be found. The rule as contended by the contestant does not apply since the will was deposited by decedent with a custodian. (*Schultz* v. *Schultz*, 35 N. Y. 653; *Matter of Condon*, 124 Misc. 845; *Matter of Gethins*, 97 id. 561.)

In the *Schultz* case the court stated as follows: " If the will had remained in the custody of the testator, or it had appeared that, after its execution, he had access to it, the presumption of law would be, from the fact it could not be found after his decease, that the same had been destroyed by him * * *. But that presumption is entirely overcome and rebutted, when it appears as it did in the present case, that, upon the execution of the will it was deposited by the testator with a custodian, and that the testator did not thereafter have it in his possession or have access to it. It is undeniable, therefore, that the testator himself did not burn, tear, cancel, obliterate or destroy the will. It does not appear, nor is it pretended, that it was done by another person in his presence, by his direction and consent. At any rate, such injury or destruction has not been proved by two witnesses. It follows clearly, therefore, that the will of this testator has never been legally revoked or can-

celled, and it is the duty of the court to establish it as the will of this testator."

This same principle was applied as follows in the *Condon* case: " Failure to find a will after careful and exhaustive search raises a presumption that the decedent destroyed it with the intention of revoking it, * * *. This presumption would be rebutted by proof that upon the execution of the will it was deposited by the testator with a custodian, and that the testator did not thereafter have it in his possession or have access to it."

In Schouler on Wills ([6th ed.] § 788, p. 897) the principle is clearly and concretely set forth in the following language: Where the will is lost in the hands of a third person, since the testator had no access to it and no presumption of revocation is raised, the will by presumption continues to exist.

In accordance with the foregoing the court holds that the petitioner has met the requirements of the law and the alleged will is entitled to probate as a lost will.