---

(74 App. Div. 567.)

## In re GRANACHER'S WILL.

(Supreme Court, Appellate Division, Fourth Department. July 8, 1902.)

1. LOST WILLS—PROBATE—EVIDENCE—SUFFICIENCY.
    Evidence in a proceeding to prove and probate a lost will examined in connection with Code Civ. Proc. § 1865, providing that, in proceedings to establish a lost will, plaintiff is not entitled to judgment unless the will was in existence at testator's death, and its provisions are clearly and distinctly proven by at least two credible witnesses, a correct copy being equivalent to one witness, and section 2821, declaring that a lost will can be admitted to probate, but only in a case where a judgment establishing the will could be rendered as prescribed in section 1865, and *held* sufficient to authorize admitting the will to probate.
2. SAME—MANNER OF PROVING CONTENTS—WAIVER OF OBJECTIONS.
    Where, in proving the contents of a lost will, a witness testifies that to the best of his recollection the copy produced was in every particular an exact copy of the original will, and no objection is made to such manner of proof, objection thereto will not be considered on appeal.

Appeal from surrogate's court, Erie county.

Proceeding to prove and probate the lost will of Barbara Granacher, deceased. From a decree admitting the will to probate, Joseph Foster appeals. Affirmed.

The proceeding was commenced on the 13th day of June, 1901, by Lorenz Granacher, the husband of Barbara Granacher, deceased, by filing in the surrogate's court his petition dated that day, duly verified, which alleged in substance that on or about the 3d day of March, 1882, the said Barbara Granacher, then a resident of the city of Buffalo, N. Y., died therein, seised of certain real property situate in said city, leaving her surviving certain heirs and next of kin named, and also leaving a last will and testament, dated January 17, 1882, by which she devised her said real estate to certain pesons also named in said petition. It is also alleged that said will was in all respects duly made, executed, and published at the time it bears date, was in existence at the time of and for some time subsequent to the death of said Barbara Granacher, and that since her death the said last will and testament has been lost or destroyed. Annexed to the petition, and made a part thereof, is what purports to be a true copy of said original will, and it it alleged that another copy was filed in the surrogate's office on the 12th day of June, 1901. It is also alleged that the executors named in said will are both deceased, and that the petitioner is the surviving husband of the decedent, Barbara Granacher, and also a legatee and devisee under said original will. The petitioner asks that the alleged copy of the will annexed to the petition be established as and for the last will and testament of the decedent; that it be admitted to probate as such; and that letters of administration with the will annexed be granted to him. Upon the presentation of such petition, the heirs at law and next of kin of the deceased and the legatees and devisees named in the alleged lost will were duly cited to attend the probate thereof. The appellant, Joseph Foster, who was one of the next of kin of Barbara Granacher, deceased, contested the probate of the will, and served an answer in which he alleged in substance that the said Barbara Granacher died intestate; that the alleged copy of a will offered for probate is not the last will of the decedent, and that the alleged execution thereof, if executed, was not the free, unconstrained, or voluntary act of the deceased; that at the time said paper purports to have been executed the decedent was not of sound mind, memory, and understanding; that said paper was not subscribed, published, and attested in conformity with the statute in such case made and provided, and that the paper propounded for probate is invalid, illegal, and void; and asked that the proceedings be dismissed, with costs. The issues thus framed came on for trial before the surrogate of Erie county on the 23d day of October, 1901. Upon the trial, formal proof was made, on behalf of the petitioner, that the decedent was of sound mind and memory at the time when it is alleged the last will and testament was executed, and that whatever was done in respect to executing the same by the decedent was her free, unconstrained, and voluntary act. No proof was offered by the contestant to contradict the prima facie case thus made by the petitioner in respect to those issues, and no question is raised as to them. The only question presented for examination by this appeal is whether or not the proof offered by the petitioner, the contestant having called no witnesses, was such as to justify the surrogate in establishing the alleged copy of the original will as the last will and testament of the decedent, and admitting it to probate as such.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Titus & Ladd, for appellant.
Devoe P. Hodson, for respondent.

McLENNAN, J. A lost or destroyed will may not be established or admitted to probate except upon complying with the requirements of sections 1865 and 2821 of the Code of Civil Procedure.

Section 1865 provides:

"But the plaintiff is not entitled to a judgment establishing a lost or destroyed will as prescribed in this article, unless the will was in existence at the time of the testator's death, or was fraudulently destroyed in his lifetime; and its provisions are clearly and distinctly proved by at least two credible witnesses, a correct copy or draft being equivalent to one witness."

Section 2821 is as follows:

"A lost or destroyed will can be admitted to probate in the surrogate's court, but only in a case where a judgment establishing the will could be rendered by the supreme court, as prescribed in section 1865 of this act."

It is conceded that Barbara Granacher died on the 15th day of April, 1883; that at the time of her death she was 62 years of age, and a resident of the city of Buffalo, N. Y. It is uncontradicted that on the 17th day of January, 1882, the date of the alleged lost will, the deceased was of sound mind and memory; that she executed a will at that time, fully complying with all the requirements of the statute in that regard; and that the execution thereof was her free, unconstrained, and voluntary act. The evidence establishes that as early as April, 1901,—how much earlier does not appear,—what purported to be a will of the decedent was on deposit in the surrogate's office for safe-keeping. It was inclosed in an envelope upon the outside of which was indorsed the name "Barbara Granacher." The paper consisted of four pages or one entire sheet of foolscap paper. The name "Barbara Granacher" was signed to it; then followed an attestation clause, and after such clause were the names "George Kein" and "Louis Braunlein," as witnesses to the will; and the proof is that the name "Louis Braunlein" was the genuine signature of a well-known resident of the city of Buffalo by that name. Some time in April, 1901, a clerk in the surrogate's office permitted this paper (the alleged will), and the envelope in which it was contained, to be taken to an attorney's office for the purpose of making a copy of the same. It satisfactorily appears that two exact copies of such paper were made, one of which, on the 12th day of April, 1901, was filed in the surrogate's office, and the other was attached to and made a part of the petition herein. In some manner the alleged will—the paper borrowed from the surrogate's office—was lost, and, although diligent search has been made it cannot be found. There is no suggestion that it was willfully suppressed or destroyed, or that any one was guilty of willful misconduct in respect to it. Its loss, so far as the evidence discloses, was purely accidental, and, as we have seen, the copies made were in all respects true copies of the paper which purported to be the will of the decedent, and which was on deposit in the surrogate's office for safe-keeping, and that paper, as we have seen, had upon it the name of the decedent, the names of the subscribing witnesses, George Kein and Louis Braunlein, and the name of Louis Braunlein was the genuine signature of a gentleman by that name. It appears by the evidence of Mr. Braunlein that he was well acquainted with the decedent in her lifetime. He testified that on or about the 17th day of January, 1882, he had charge of the preparation of the will of the decedent; that he did not remember whether he personally wrote the will, but stated that he was familiar with the

making of it, was acquainted with its contents, and that he undertook to see to its execution. He stated that he read the will, and explained it to the decedent in German, she being a German; that she signed the will in his presence, and in the presence of George Kein, the other witness to the will; and that Mr. Granacher and a Mr. Hauck were also present. He stated that he asked the decedent if that was her last will and testament, and that she said it was; if that was her signature, and she said it was; if she desired Mr. Kein and himself to become witnesses to that will, and she said she did; and that then Mr. Kein signed it, and the witness signed it, in the presence of each other and in the presence of the deceased; that after the will was so signed and executed he, the witness, delivered it to the deceased. The witness also stated that to the best of his recollection the copy of the paper which was taken from the surrogate's office was in every particular a copy of the will executed by the deceased, and signed by him and Mr. Kein as subscribing witnesses, on the 17th day of January, 1882. It is not suggested that the witness Louis Braunlein ever signed as witness any other will of the decedent.

The evidence satisfactorily establishes that "the will was in existence at the time of the testator's death." A will was executed by the deceased before her death, to wit, January 17, 1882; was signed by Mr. Kein, and then by Mr. Braunlein, as witnesses. Just such a will was found, long after her death, in the surrogate's office, where such instruments are frequently deposited for safe-keeping. Upon it was the name of the testatrix and the names of the two witnesses, all in the same order, and the name of Mr. Braunlein was his genuine signature, all of which identified the will found in 1901 as the will which was executed by the testatrix in 1882. The provisions of the will are clearly and distinctly proved by at least one credible witness, Mr. Braunlein. It is true that, instead of reciting its provisions, witness stated they were the same as those contained in a paper which was shown him, to wit, the copy. But this method of proving the contents of the original will was in no manner objected to, and the appellant ought not now to be heard to complain because it was done in that way. A correct copy or draft of the will was introduced in evidence, and this was equivalent to one witness. We think the evidence produced on behalf of the petitioner was of such a character as to fully meet the requirements of the statute, and as to authorize the surrogate to establish the copy as the last will and testament of Barbara Granacher, deceased, and to probate the same. It follows that the decree of the surrogate's court should be affirmed, with costs of this appeal to be paid by the appellant personally.

Decree of the surrogate's court affirmed, with costs of this appeal to be paid by the appellant, Foster, personally. All concur.