In the Matter of the Probate of the Will of ANNA S. CHRISTENSEN, Deceased.

Surrogate's Court, Richmond County, January 13, 1950.

*Thomas Schleir* for Jennie G. C. Morrison, proponent.

BOYLAN, S. This is a proceeding to admit to probate a partially destroyed instrument that is represented to be the last will and testament of Anna S. Christensen. Originally it consisted of two typewritten pages folded in four parts. Approximately, one third of the topmost section of the will is missing and the remainder is badly decomposed. However, the signatures of the testatrix and of the two subscribing witnesses are clearly visible. After the death of the testatrix, the will was discovered in a box in the attic of her home. It was among other papers usually kept for long periods of time, which were likewise partially destroyed. A witness testified that the deterioration of these papers was caused by rain water leaking through the roof which was in poor condition. One of the subscribing witnesses, Florence A. Quintin, an attorney, averred that she was a law clerk for her father, John B. Quintin, who drafted and supervised the execution of the original will on May 21, 1923; that she and her father, now deceased, were the sole witnesses; and that a true carbon copy of the original will had been retained in the office files. At the hearing, she attested to the provisions of the will; produced and recognized notes used in drafting it; and stated that the provisions of the original document before destruction and the correct carbon copy were identical.

Section 34 of the Decedent Estate Law is as follows: " No will in writing, except in the cases hereinafter mentioned, nor any part thereof, shall be revoked, or altered, otherwise than by some other will in writing, or some other writing of the testator, declaring such revocation or alteration, and executed

with the same formalities with which the will itself was required by law to be executed; or unless such will be burnt, torn, canceled, obliterated or destroyed, with the intent and for the purpose of revoking the same, by the testator himself, or by another person in his presence, by his direction and consent; and when so done by another person, the direction and consent of the testator, and the fact of such injury or destruction, shall be proved by at least two witnesses.''

Section 143 of the Surrogate's Court Act states that '' A lost or destroyed will can be admitted to probate in a surrogate's court, but only in case the will was in existence at the time of the testator's death, or was fraudently destroyed in his lifetime, and its provisions are clearly and distinctly proved by at least two credible witnesses, a correct copy or draft being equivalent to one witness.''

In this case there is no evidence of fraud or intention to revoke the will by destruction. On the contrary, the testimony and the physical appearance of the document indicate that the almost complete destruction was occasioned by natural causes.

The court holds that the testatrix never intended to destroy her will and that the testimony of the subscribing witness, together with the correct copy of the said will, justify the admission to probate of the questioned document as the last will and testament of the decedent. (Decedent Estate Law, § 34; Surrogate's Ct. Act, § 143; *Matter of Granacher,* 74 App. Div. 567, affd. 174 N. Y. 504; *Matter of Brechwoldt,* 170 Misc. 883.)

Enter decree accordingly.