OPINION OF THE COURT
Wachtler, J.
The question presented on this appeal is whether a lost will may be admitted to probate upon the submission of a conformed copy of the original will and the testimony of one witness which does not establish the actual substantive provisions of the will independently of the copy. The Appellate Division held that the proof was sufficient to permit the lost will to be admitted to probate. We reverse.
In 1970 the testator, Dr. Georges Kleefeld, executed a will prepared by his attorney. The original will was retained in the attorney’s files and the testator was given a conformed copy. The attorney died in 1972 and the testator died in 1979, at which time the original will could not be located in the attorney’s files. This proceeding to admit the lost will to probate was commenced by the will proponent pursuant to SCPA 1407. That statute provides as follows: “A lost or destroyed will may be admitted to probate only if 1. It is established that the will has not been revoked. 2. Execution of the will is proved in the manner required for the probate of an existing will, and 3. All of the provisions of the will are clearly and distinctly proved by each of at least 2 credible witnesses or by 1 witness and a copy or draft of the will proved to be true and complete” (L1966, ch 953).
At trial the proponent submitted evidence that the testator did not revoke the original will since it was lost while in the possession of the attorney-draftsman. The contestants submitted evidence tending to show that the testator had revoked the will by tearing it into pieces. Two of the witnesses who attested to the original will testified with respect to due execution but neither could remember any of the substantive provisions of the will.
Regarding the third requirement of SCPA 1407, Nadine Baris, the legal secretary who typed the original will, *257 testified that she recognized her initials on the first page of the conformed copy of the will that was received into evidence. She also recognized that the type was the same used by her IBM typewriter. Baris recalled that the origi-" nal will contained many provisions and that many bequests were made to foreigners. She further testified, however, that she never read the will after she typed it in December, 1970 and could not remember any of the provisions of the original will. No other witness testified as to the contents of the original will.[1]
The question thus becomes whether the testimony of Baris combined with the submission of the conformed copy of the will “clearly and distinctly” proves all of the provisions of the original will within the meaning of fhe SCPA 1407 (subd 3) in order to permit the admission of the lost will to probate. The Surrogate’s Court held that 'the three prerequisites for admission of a lost will to probate found in SCPA 1407 had been fully satisfied and admitted the lost will to probate. Specifically, the court, found that the presumption of revocation of the will by the decedent testator had been overcome by the testimony that the will was lost while in the possession of the attorney-draftsman and that the contestants did not meet their burden of proving revocation by physical act or superseding will or codicil. Satisfied that the original will had been duly executed, the court interpreted SCPA 1407 (subd 3) as merely necessitating proof of the authenticity of the submitted copy as a true and complete duplication of the original will and held that Baris’ testimony sufficiently identified the copy and proved that its contents were identical to the original.[2]
We agree with the dissent at the Appellate Division that the Baris testimony did not satisfy the requirements of SCPA 1407 (subd 3) and therefore reverse.
*258 SCPA 1407 permits the probate of a lost will which has been duly executed and has not been revoked only if “[a]ll of the provisions of the °will are clearly and distinctly proved by * * * 1 witness and a copy or draft proved to be true and complete.” The plain wording of the statute leads to the conclusion that the witness must testify as to the substantive provisions of the original will and not merely to the effect that the submitted copy is believed to be authentic. Had the Legislature intended the result approved by the majority below it would have undoubtedly provided that probate would be allowed upon the testimony of one witness establishing that a copy or draft is true and complete. We therefore read the statute as requiring that the will provisions be established by the testimony of one witness and that all the will provisions also be established by a true and complete copy.
Similar constructions of the statute by various authorities support the conclusion we reach today. As one commentator has accurately summarized: “After existence of the will and its destruction have been established, the contents must be proved. The statute provides that all of the provisions of the will must be clearly and distinctly proved by each of at least two credible witnesses or by one witness and a copy or draft of the will proved to be true and correct. In this respect the present statute does not differ from the prior one. Knowledge of the execution of the will is not knowledge of its contents. And while the witnesses need not give the exact language of the will, but merely the substance, each of the witnesses, must testify to all . the principal parts of the will. A copy of the will takes the place of the second witness, but the witness’ supporting letter does not” (1 Harris, New York Estates Practice Guide [3d ed], § 281, p 534; see Goldman, Practice Commentary, McKinney’s Cons Laws of NY, Book 58A, SCPA 1407; 2A Warren’s Heaton, Surrogate’s Court [6th ed], § 179, par 5, at pp 31-92).
The dissent nevertheless argues that the legislative history of SCPA 1407 (subd 3) supports the conclusion of the Surrogate’s Court and the majority below. One of the research counsel to the Bennett Commission reported to the commission concerning his proposal to revise the evi *259 dentiary requirements to provide: (1) due execution of the lost or destroyed will be established; (2) proof of the contents of the will by each of two witnesses; and (3) a copy of the will should suffice to prove contents (Fifth Report of Temporary State [Bennett] Commission on Modernization, Revision and Simplification of Law of Estates, NY Legis Doc, 1966, No. 19, Appendix L-10, Report No. 8.2.5A, p 796, July 15, 1964).
The dissent does not dispute that this recommendation was rejected by the Bennett Commission in favor of the rule established by the plain language of SCPA 1407 (subd 3). Although this fact alone disposes of the contention urged by the dissent, we nevertheless find that the legislative history referred to above is, at best, ambiguous and therefore unsupportive of the construction urged. In fact the passage relied on can be interpreted to support our construction of the statute for it states the general rule that the contents must be established by the testimony of two witnesses, but proposes an exception that a copy “should suffice to prove the contents”, meaning that a copy should be a permissible substitute for the testimony of one of the witnesses. Section 143 of the Surrogate’s Court Act, the predecessor to SCPA 1407, expressly required the testimony of “at least two credible witnesses, a correct copy or draft being equivalent to one witness”. It is, therefore, doubtful that the author of the passage intended to propose a radical alteration of existing law by suggesting that a copy of the will should serve as a sufficient substitute for the testimony of two witnesses instead of one.
But even if thé legislative history of SCPA 1407 were construed tó support the position that a copy of the will alone should constitute sufficient proof of contents, this is not supported by the mandate and the express language of the statute. This court should not ignore the words of a statute, clear on its face, to reach a different result through judicial interpretation (McKinney’s Cons Laws of NY, Book 1, Statutes, § 76).
The legislative policy embodied in SCPA 1407 is designed to prevent the probate of fraudulent wills. That policy will be subverted if a will, such as the one at issue *260 here, may be established and admitted to probate merely on the basis of testimony regarding the event surrounding the execution of the will rather than as to the contents of the will itself. A strict construction of the statute in question is therefore essential in order to insure that this legislative policy is properly effectuated. Moreover, SCPA 1407 is a limited statutory exception to the common-law Statute of Wills and should be strictly construed for that reason alone (McKinney’s Statutes, § 301; 1 Harris, New York Estates Practice Guide [3d ed], § 281, at p 531).
It is evident in light of the foregoing that Nadine Baris’ testimony did not clearly and distinctly prove all the provisions of the will as required by SCPA 1407 (subd 3). Although she recognized her initials on the first page of the conformed copy of the will and that the type was the same used by her typewriter, and testified that the original will contained many provisions and many bequests to foreigners, she also testified that she never read the will after she typed it and therefore could not remember any of its provisions. Although the attesting witnesses remembered various events surrounding the execution of the will, neither of them had read it and were also unable to téstify as to the substance of its contents. Thus, assuming that the copy of the will submitted into evidence was actually a conformed copy of the original will, the respondent proponent did not otherwise carry his burden under SCPA 1407 (subd 3) by clearly and distinctly proving all the provisions of the will by at least one credible witness.
Accordingly, the order of the Appellate Division should be reversed, with costs to all parties appearing separately and filing separate briefs payable out of the estate, and the petition for probate of the lost will of Georges Kleefeld dismissed.

. The additional facts noted by the dissent were not established by either court below and thus cannot form the basis of a decision by this court (CPLR 5501, subd [b]). In any event, these additional facts in no way affect our interpretation of SCPA 1407 (subd 3) or, therefore, the disposition of this appeal.

. Even if we were to assume, arguendo, as indeed the dissent is at length to demonstrate, that the photocopy was a true and complete copy of the original will, that is not the determinative issue. Under subdivision 3 of the revised statute proof of such a copy must in addition be corroborated by the testimony of one witness clearly and distinctly proving the substantive provisions of the original will. It is this later component which is missing in this instance.