OPINION OF THE COURT
Joseph J. Traficanti, Jr., J.
The petitioners Richard Mackey and Joyce Mackey Thorn offered for probate a photocopy of a document purported to be the last will and testament of Rhoda Mackey Smith, deceased. The petitioners, a nephew and niece of the decedent and distributees as well as beneficiaries under the purported will, allege that the original will was delivered to decedent’s attorneys for safekeeping about the time of its execution in August of 1976. On March 21,1978, the petitioners allege that Russell Smith, the husband of the decedent, obtained possession of decedent’s will from her attorneys; and in January, 1979 decedent’s husband died. The petitioners allege further that the decedent thereafter did not have possession of the will, that a diligent search has been made for the will, that the will could not be found and that the will has not been revoked, but was lost or destroyed.
The purported will provides for a $4,000 bequest to the decedent’s husband plus a life estate in the rest, residue and remainder of the estate. Upon the husband’s death, the remainder was directed to four parties including the petitioners.
*770 On the husband’s death, one Marguerite Goes was apparently appointed executrix of his estate in another jurisdiction. Marguerite Goes, as executrix of the estate of Russell Smith, filed objections to probate of decedent’s will with this court on or about July, 1981 and now makes a motion for summary judgment dismissing the petition for probate. The objection alleges that the instrument offered for probate herein is not the last will and testament of decedent, but was duly revoked by the testator; that on or about March 21,1978, the late Russell Smith delivered the will to the testator; that upon testator’s death Russell Smith was unable to find the will and that the will is presumed destroyed with intent to revoke it. The objectant now moves for summary judgment dismissing the petition for probate on the grounds that the petitioners have failed to comply with the provisions of SCPA 1407, particularly subdivision 3.
The document offered for probate is the photocopy of what purports to be the original will containing two sheets of paper and containing light but reasonably recognizable facsimilies of the testator’s signature and those of the alleged witnesses. The document was witnessed by two attorneys: Elmer Lemon, now deceased, and Thomas Callahan. In his examination before the court, Attorney Callahan testified that Lemon, his deceased partner, prepared the will and that Callahan had no conversation with Mrs. Smith concerning the contents of the will prior to its being prepared and executed. Mr. Callahan further states by affidavit that he was not privy to the conversations between Mrs. Smith and Mr. Lemon, that the text of the will was not read in his presence and that he is unable to testify from his independent recollection as to the contents and testamentary disposition made by Rhoda Mackey Smith, decedent herein, in the will of August, 1976.
There is also before the court an affidavit of the secretary of the late Mr. Lemon, sworn to on the first day of March, 1982, and submitted in support of this motion. The secretary states in her affidavit that she has no specific recollection of typing the will, but believes that she typed it rather than the other secretary then employed in the office because the style of type was the same as that produced on *771 the typewriter she was accustomed to using. She says, however, that she has no recollection of the dispositive provisions thereof. There is no dispute on this motion that Mr. Callahan and the secretary are the only persons available to testify as to the testamentary disposition of the will; and that both have disclaimed any independent recollection thereof.
The proponents argue very forcibly that this case is not the usual situation contemplated by SCPA 1407 (subd 3) since the will before the court is a photocopy of the original including the signature.
SCPA 1407 provides as follows:
“A lost or destroyed will may be admitted to probate only if
“1. It is established that the will has not been revoked.
“2. Execution of the will is proved in the manner required for the probate of an existing will, and
“3. All of the provisions of the will are clearly and distinctly proved by each of at least 2 credible witnesses or by 1 witness and a copy or draft of the will proved to be true and complete.”
Subdivision 2 of the statute has been adequately satisfied. At issue is whether or not subdivisions 1 and 3 are satisfied.
A copy of the will may be admitted into evidence where its correctness is certified by a person instrumental in its preparation; and a verbatim recitation is not required. (Matter of Suarez, 114 NYS2d 194; Matter of Breckwoldt, 170 Misc 883; Matter of Granacher, 74 App Div 567.) Subdivision 3 of the statute requires that where a copy of the will and one witness is produced, that witness must testify to the substantive provisions of the original will. The copy eliminates the requirement of two witnesses; but one witness must give credible testimony of the will’s dispositive provisions. Neither of the two available witnesses can satisfy that latter requirement here. (Matter of Kleefeld, 55 NY2d 253.) In this court’s view, whether the copy presented is a carbon copy, a conformed copy or a photocopy complete with the signatures, it matters not. *772 The determinative issue is whether one witness has clearly and distinctly testified to the substantive provisions of the original will. (Matter of Kleefeld, supra, p 257, n 2.)
The proponents argue that the remedy of summary judgment should not be available here since there are triable issues of fact. While there may be an issue of fact as to whether the will was revoked or whether the presumption of revocation may be overcome, as required by SCPA 1407 (subd 1), there is no dispute as to the number of available witnesses to satisfy SCPA 1407 (subd 3); nor is there a dispute as to their inability to provide proof of the dispositive provisions thereof. Even if the proponents were to prevail in satisfying SCPA 1407 (subd 1) they clearly are unable to satisfy subdivision 3.
Accordingly, the petition for probate of the last will and testament of Rhoda Mackey Smith is dismissed and probate is denied.