■ In the Matter of the Estate of GEORGES KLEEFELD, Deceased. CAMERON K. WEHRINGER, Appellant; DENISE STORK, Respondent.—Order and judgment (one paper), Surrogate's Court, New York County (Marie Lambert, S.), entered September 6, 1989, which, *inter alia,* granted summary judgment to respondent dismissing petitioner's claims for attorney's fees allegedly due from respondent, unanimously reversed, on the law, without costs or disbursements, to grant summary judgment to petitioner on liability and to remand the matter for an assessment of damages.

Although we agree that petitioner cannot recover on his claim of breach of express contract since the written contingency retainer agreement is not broad enough to include his services in the Court of Appeals, we believe he is entitled to recover on a theory of quantum meruit, which he also urged as a basis of liability before the Surrogate. "[W]hen a person has knowledge that legal services were performed for him, a promise to pay their reasonable value may be implied". *(Paulsen v Halpin,* 74 AD2d 990, 991.) Since it is undisputed that petitioner performed legal services for respondent in connection with pursuing, to its successful conclusion in the Court of Appeals (55 NY2d 253), an appeal from the Surrogate's determination that decedent's last will should be admitted to probate, petitioner is entitled to recover in quantum meruit for these services. Accordingly, we remand for a hearing to determine the reasonable value of the services petitioner performed for respondent. While fees petitioner received from other sources for the same services may be relevant to the amount of his award, the receipt of such fees, ipso facto, does not defeat his basic right to recovery. Concur—Sullivan, J. P., Ross, Rosenberger, Kassal and Wallach, JJ.