OPINION OF THE COURT
Renee R. Roth, S.
*1012 Incident to this probate proceeding in the estate of Gloria Litwack, the court is required to construe two statutes governing the execution and revocation of wills (EPTL 3-2.1, 3-4.1) that appear to be in conflict. The circumstances which created the issue are as follows.
Testatrix’s handwritten obliteration of a paragraph in the propounded instrument was witnessed by two friends who duly signed their names in her presence. Such obliteration and the signatures evidencing its due execution were, however, added to the instrument after the will itself had been executed. The statute governing revocation of wills (EPTL 3-4.1 [a] [1] [B]) is silent as to whether the executed will may be used as the required “writing.” Furthermore, the statute governing execution of wills (EPTL 3-2.1 [a] [1] [B]) provides that “[n]o effect can be given to any matter . . . preceding [the testatrix’s] signature which was added subsequently to the execution of the will.” Accordingly, the question is whether part of a will can be revoked by markings added to the original instrument following its execution.
The propounded instrument was executed by testatrix on April 27, 1999, in the presence of two witnesses and under the supervision of an attorney. The validity of the instrument itself is not in dispute.
The first page of the instrument as executed contained an unnumbered paragraph entitled, “BEQUEST,” which read as follows: “I give, devise and bequeath . . . my Cooperative apartment be sold and the net proceeds distributed to my son PETER LITWACK, of Corte Madera, CA.” In the instrument offered for probate, the paragraph has been obliterated and immediately following it is the handwritten notation “delete 2/05/03” followed by testatrix’s signature. At the foot of the same page are the signatures of John T. Witmer and Maria T. Kennedy, each followed by their addresses and the date, “2/ 05/03.”
According to an affidavit submitted by Mr. Witmer, dated April 5, 2006, while he was having lunch with testatrix on February 5, 2003, she asked him to witness the deletion from her will of the bequest of the cooperative apartment. She showed him the executed instrument, then obliterated such paragraph, wrote the word “delete” following the obliteration, signed her name and entered the date. She then asked Mr. Witmer to sign his name as a witness, which he did, entering his signature, address and the date at the foot of the page.
*1013 The other witness, Marie T. Kennedy, also submitted an affidavit, dated April 3, 2006, which states that on February 5, 2003, testatrix asked her to witness the deletion of the bequest at issue. According to Ms. Kennedy, testatrix showed her the original will with the obliterated paragraph, acknowledged her signature next to such paragraph, and asked Ms. Kennedy to sign as witness.
Both of such affidavits contain statements to the effect that, at the time testatrix made the deletion, she was fully competent to make a will and under no restraint (SCPA 1404, 1406). Accordingly, petitioner asks that the instrument be admitted to probate without the obliterated paragraph.
Section 3-4.1 (a) (1) (B) of the EPTL provides that all or part of a will may be revoked or altered by “[a] writing of the testator clearly indicating an intention to effect such revocation . . . [and] executed with the formalities prescribed by this article for the execution and attestation of a will.” It is silent as to whether the executed will itself may be used for such a writing, although it does not expressly disallow it. Thus, it is concluded that the revocation attempted in this case — by markings superimposed on the original instrument — is invalid only if section 3-2.1 (a) (1) (B) (as quoted above) in effect requires that an instrument separate from the executed instrument must be used for such purpose.
Sections 3-2.1 and 3-4.1 (commonly referred to as the statute of wills) share the same purpose, namely, to prevent the probate of fraudulent instruments (see Matter of Kleefeld, 55 NY2d 253 [1982]). As its title indicates, EPTL 3-2.1 is intended to further such objective by requiring specified formalities for purposes of the “Execution and attestation of wills” and disallowing matter not executed in accordance with such safeguards. Section 3-4.1, entitled “Revocation of wills,” in turn specifies its own apparently comprehensive safeguards against fraudulent revocations. There is nothing to suggest that the fraud-preventing purposes of these sections would be frustrated if effect is given to a revocatory “writing” added to the original, executed instrument so long as such addition is itself duly executed. In other words, there is no reason to conclude that the terms of section 3-2.1 (a) (1) (B) were intended to limit the terms of section 3-4.1 (a) (1) (B).
Based upon the foregoing, it is concluded that the obliteration to the propounded instrument, executed with the formalities *1014 required for the execution of a will, effected a revocation of the obliterated paragraph.
Accordingly, a decree has been signed admitting the propounded instrument to probate without the obliterated paragraph.